[Assessment Board v. A. C. R. R. Co.]


# The Board for the Assessment of the Property of Railroad Companies *v.* Alabama Central Railroad Co.

*Taxation of Railroads.*

1. *The general assembly can not declare an artificial value of property.* The constitution does not authorize the legislature to prescribe or declare an arbitrary or artificial value of the property of individuals, or corporations, and assess taxes on such valuation.

2. *Section 383 of the Code of 1876 is unconstitutional.*—Section 383 of the Code of 1876 establishes a rule for the estimation of the value of railroad property for the purpose of taxation which is not authorized by the constitution; and, therefore, the assessment of taxes made in obedience to it is invalid, and was properly vacated by the City Court of Montgomery.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

A board for the assessment of property of railroad companies was established by an act of the general assembly of Alabama, approved February 2d, 1877.—Sec 383 of the Code of 1876. It consisted of "the Governor of the State, the Secretary of the State, Auditor of the State and the Treasurer of the State;" a majority of whom constituted a quorum. The statute provided, that "the valuation of the property of railroad companies shall proceed upon precisely the same principles as the valuation of every other species of property; that is to say, no deduction or allowance shall be made on account of any kind of indebtedness, or mortgage, or incumbrance of any character, but the valuation of such property shall be had exclusively upon the consideration of what a clear fee simple title to such property would sell for absolutely freed from all debts, mortgages or other incumbrances, under the conditions under which that character of property is most usually sold; but in no case where the data of such an estimate shall be in the possession of the board, shall such property be estimated at a sum less than that which, at an interest of eight per cent., would yield the sum shown by such data, to constitute the net earnings of such property, such net earnings to consist of the whole earnings, deducting the running expenses of such road; but in no case, nor to any extent, is any allowance or deduction to be made on any other account."

[Assessment Board v. A. C. R. R. Co.]

At a regular session of the board, in 1878, the Alabama Central Railroad Company introduced evidence before it relative to the value of its property. The testimony tended to show that it was worth four hundred and twenty-two thousand seven hundred and sixteen 47-100 dollars. The evidence before the board also showed that the net earnings of the property was an amount which, at the rate of eight per cent., would be produced by six hundred and forty-four thousand seven hundred and twenty-two 47-100 dollars. The board, in obedience to the rule prescribed by the statute, estimated the value of the property at the last named sum. To this action of the board, the railroad company, by its attorney, excepted.

Subsequently a writ of *certiorari* was issued from the City Court of Montgomery, directed to the Board of Assessment, requiring it to certify a full and complete transcript of the record and proceedings of the said Board of Assessment to the City Court of Montgomery, in the matter of the assessment of the property of the Alabama Central Railroad Company.

And upon the trial of the case, the City Court vacated and quashed the assessment; and to this action of the court the Board of Assessment excepted.

JOHN W. A. SANFORD, Attorney-General, for appellant.
1. The ground upon which the assessment of taxes against the appellee was set aside and vacated, is the unconstitutionality of the act which establishes the rule of assessment. This is the only question in the case.

2. The board was established by an act approved. February 9th, 1877, which is contained in section 383 of the Code of 1876. The rule prescribed by it, to ascertain the value of the property, when the net earnings of the company will permit it to be applied, *is not a rate of taxation*, but simply a mode by which the value of property may be ascertained; and when so found, the property of railroad corporations is taxed at the same rate as the property of natural persons. The constitution declares that all the property shall be taxed *ad valorem.*—Art. VI. § 1. The law under consideration does not conflict with this provision.

2. Value has two meanings. The one may be called "value in use;" the other "value in exchange."—Wealth of Nations, 1 vol. 29. Railroads have value in use, and the extent of their value may be ascertained by what they yield. The legislature, therefore, established the rule for estimating their

value on their net earnings. The general assembly could, with as much propriety, authorize an inquiry concerning the income of a railroad company, for the purpose of enabling the Board of Assessment, to discover the value of its property, as it can empower the assessor to ask of the citizen a long list of questions for the purpose of ascertaining the value of his property. The difference of the questions depends on the difference of the nature of the two persons,—one being natural; the other, artificial. The inquiries, in both instances, have for their object the discovery of the value of property to be taxed. And when this is found, the property is taxed precisely at the same rate.

3. There is no part of the constitution which prohibits the general assembly from making any rules for the guidance of assessors in their inquiry as to the value of property; nor is there any provision which forbids the establishment of one set of questions for natural persons, and another for artificial persons. What is not inhibited by the constitution, State or Federal, the legislature can do.—*Dorman v. The State*, 34 Ala. 216. The only limitation upon its power would be the uniformity of the rules applicable to corporations or to natural persons. The method applied to one class of persons must apply to all the individuals belonging to it. If this be done, both the letter and spirit of the constitution are respected. If the policy of such a rule for the ascertainment of the value of railroads and their equipment be deemed unwise, the legislature, and not the courts, must change it.

PETTUS, DAWSON & TILLMAN, for Appellee.—1. The constitution of the State provides: "All taxes levied on property in this State shall be assessed in exact proportion to the value of such property."—See Art. 11, p. 145. And the fourth section of the same article declares: "The general assembly shall not have the power to levy, in any one year, a greater rate of taxation than three-fourths of one per centum on the value of taxable property within the State." And the sixth section of the same article provides, "that the property of private corporations, associations and individuals, shall forever be taxed at the same rate."

2. We insist that our constitution means that *all property* (not exempted by it) *shall be assessed for taxation, at its true value, and not otherwise.* This proposition is not denied by counsel for appellant in this case. The Attorney-General contends, however, that the *rule* prescribed by the statute is

only a rule by which to ascertain the true value of railroad property. In this position he is mistaken.

The first part of the rule, and to which objection is not made, provides in substance that the property shall be assessed *at its real value;* or, as the constitution says, " *in exact proportion to its value.*" But the part of this rule which we have *italicised* requires the board to go higher than the real value in all cases where the income or earnings, multiplied by 12½, gives a sum greater than the true value.

3. The constitution says, in substance, that this property shall be " assessed in exact proportion to its value ;" but this rule declares, that this property shall be assessed at 12½ times its earnings, and not at its true value, if that is less than 12½ times the earnings.

Again, this rule forbids that property should *decline in value.* It first declares that railroad property *can not earn* more than eight per cent of its value ; and then it declares, that because, by the rule of earnings, the property was worth a certain sum *last year,* the same property, no matter how much worn or otherwise injured, *is certainly worth the same sum this year.*

Taxes are *levied each year,* and must, if the constitution is obeyed, be assessed in exact proportion to its value. It is plain therefore, that the assessment must be made at the true value of the property, *in the year* of the assessment, and not *in a former year.*

4. The constitution having prescribed the *ad valorem* rule, no other rule can be made by the legislature. Nor can the legislature declare a rule for ascertaining value which conflicts with this constitutional rule.

If the Legislature has power to say that *this* property shall be assessed at not less than 12½ times its earnings, it can say that *all taxable property* shall be so assessed. Money is property, and if a thousand dollars were loaned at 16 per cent., and the interest collected, then, *by this rule,* the assessor must value $1,000 in money at $2,000 in money, if the rule were made general.

5. The *rule* by which the board was governed means this : You must, in all cases, assess property at as much as its full value ; but you shall never assess it at less than 12½ times the earnings. It is not possible to reconcile such a rule with our constitution.—*Atlantic R. R. Co. v. Board of Com.* 75 No. Ca. 474

But the court will remember that the State Board assesses *only* the railroad, including main and side tracks, and engines

and cars. *All other property* belonging to railroad companies *is assessed by county assessors.* Depots, station-houses, machine-shops, machinery, tools, mules, carts, and all other real and personal property, other than the road and rolling stock, are taxed by assessments made in each county.

Yet, by this rule, you ascertain the income of the road, then you assess the road and rolling stock at $12\frac{1}{2}$ times the income, *just as though the depots, machine-shops, tools, &c., &c.,* did not contribute towards making the earnings. And then you tax the depots, machine-shops, tools, &c., &c., at all they are worth ! !

BRICKELL, C. J.—The present constitution imposes limitations and restraints upon the legislative power of taxation which are not found in the earlier constitutions. It ordains that " all taxes levied on property in this State shall be assessed in exact proportion to the value of such property." Further, " The general assembly shall not have the power to levy, in any one year, a greater rate of taxation than three-fourths of one *per centum* on the value of the taxable property within the State ;" and further, " the property of private corporations, associations, and individuals of this State, shall forever be taxed at the same rate." The revenue law, in providing for the assessment of the property of railroad companies, prescribes, as a rule for ascertaining the value of such property, that " in no case, where the *data* of such an estimate are in the possession of the Board of Assessment, shall such property be estimated at a sum less than that which, at an interest of eight *per cent.,* would yield the sum shown by such *data* to consist of the whole earnings, deducting the running expenses of such road ; but in no case, nor in any extent, is any allowance or deduction to be made on any other account."—Code of 1876, § 383.

The board for the assessment of the property of railroad companies, having before it evidence that the property of the Alabama Central Railroad Company was of the value of $422,716.47, nevertheless assessed it at $644,732.47 ; following the rule prescribed by the revenue law, because that sum, at an interest of eight *per cent.,* would yield an amount equal to its net earnings the preceding year, ascertaining such earnings by deducting only the running expenses. The validity of this assessment is the single question presented; and its validity depends wholly upon the inquiry, whether the general assembly had power, under the constitution, to prescribe the rule on which the assessment is based.

The constitution is plain, and imperative. The value of

property, not its income, is the standard on which an assessment must be based.  The legislature may prescribe rules, and may supply instrumentalities for ascertaining such value. It may, as it has done in other parts of the statute under consideration, clothe the assessors, or the board of assessment, with powers to obtain proper evidence on which they can proceed to ascertain such value.  Though these officers, in observing these rules, and in passing on such evidence, should err to the prejudice of the State, or of the tax-payer, there would be no remedy for the correction of such error. The statute under consideration passes beyond providing a mere rule for ascertaining the value of the property of railroad companies.  The value of such property can in no event be assessed at less than a sum which, at eight *per cent. per annum*, would produce its annual net earnings.  If its net earnings, ascertained in the mode prescribed, will not produce a sum, at eight *per cent. per annum*, equal to the value of the road as otherwise shown, then the assessment of taxes must be on such value.  In the one case, the income of the property furnishes a conclusive standard of value; in the other, it is wholly discarded.  The legislature has not power to declare the value of property, and then assess taxes upon it as of that value; nor has it the power to assume and declare that the net income or earnings of property is an unerring test of its value.  The value of the property, considering the uses for which it is employed, and the profit which may be derived from it, may be ascertained under rules which the legislature may prescribe.  The value must be ascertained, and taxes assessed upon it.  It is not competent for the legislature to declare that any species of property is of a particular value, because of its income, or to declare that the income alone shall be considered in determining its value.  If the rule prescribed for the assessment of taxes on the property of railroads was applied to the assessment of the property of individuals, the violation of the constitution would not be doubted.   Two planters own adjoining plantations of equal fertility, and of equal value in all respects; the one, by his skill, industry, economy, and prudence, derives a net income which, if regarded as eight *per cent. per annum* on the value of his plantation, would produce a sum exceeding its actual value; in the market it would not command such value; an artificial value would thus, by legislative enactment, be imparted to his plantation, and his thrift and industry be converted into a subject of taxation.   The other could be taxed on the value of his

plantation, though, from the want of skill or thrift, so far from deriving an income, he had in its cultivation been involved in debt. We can not read the constitution, without a conviction that its purpose is to free property from all arbitrary and artificial taxation—to limit the legislature to a specified rate of taxation on its value. The limitation would be in vain, if the legislature could prescribe a standard of value.

There can be no discrimination and no distinction between the property of individuals and of corporations. The constitution obliterates all such discriminations and distinctions; and while the legislature can not, as formerly, grant to corporations immunity or exemption from taxation, it can not subject them to any other standard or rate of taxation than that to which natural persons are subjected. If the legislature had declared that all railorads should be taxed as if the value of the road was so much per mile; or that all lands should be taxed as if they were of a particular value per acre, there would be no discussion of the question that legislative power had been transcended. What real difference is there, between such an enactment and an enactment like the the present—that the net earnings of a railroad shall be regarded as eight *per cent.* of the value of its property? Why say eight *per cent?* True, eight *per cent.* is the legal rate of interest; but is it consequently a legal standard, or a practical standard of the value of property, when such property will produce by way of income that sum? Property which will produce only that income, will but rarely find a purchaser who will invest in it for the purpose of obtaining interest only. The rate of interest is not a standard of the value of property, but the measure of damages fixed by law for the forbearance of a debt, the loan of money, or its detention after the day it should have been paid.

There are many and difficult questions to be considered, in subjecting the property of railroads to taxation according to its value,—the only taxation to which they may be subjected under the constitution. These are for the consideration of the legislature,—not of the judicial department of the Government. We are bound to declare the constitution does not authorize the legislature to prescribe or declare an arbitrary or artificial value of the property of individuals or corporations, and assess taxes on such valuation. This is attempted by the statute prescribing the rule by which the board of assessment was governed. The assessment is, consequently, invalid,—an excess of authority by the board.

The judgment of the City Court, vacating it, is therefore affirmed.