91 217
e141 119

# State Bank *v.* Board of Revenue.

*Certiorari to County Board of Revenue, in matter of Assessment of Taxes against State Bank.*

1. *Taxation of bank shares; deduction of share-holder's indebtedness.* Under statutory provisions relating to the taxation of shares of bank stock (Code, § 453. subd. 7, 8, 9), construed in connection with constitutional provisions as to equality and uniformity of taxation (Art. XI, §§ 1, 6), the court holds that State banks and National banks, or the share-holders in them, are equally entitled to deduct from the value of the shares, when assessed for taxation, the amount of the share-holder's indebtedness.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

In the matter of the assessment of taxes against the State Bank, a corporation organized under the laws of Alabama in January, 1885, on notice issued to it by the County Board of Revenue, to appear and show cause why the assessment against it, as returned by the county assessor, 'should not be increased from $37,000 to $100,000. The assessor's return is not set out in the record, and the form in which it was made out, whether against the bank or against the share-holders, is not shown. J. F. Leary, as cashier, made a return under oath, in which he stated the names and residences of the several share-holders, and the number of shares held by each; showing that the capital stock of the bank was $100,000, divided into one thousand shares of $100 each, of which he held and owned 590.70 shares, M. B. Houghton 304.35 shares, and the others were held by persons who are not parties to this suit. Appended to this return was the affidavit of said Leary, claiming a deduction from the par value of his shares, to the amount of $51,500, on account of indebtedness which had not been otherwise claimed or allowed; and a similar affidavit by Houghton, claiming a deduction of $11,500. The assessor allowed these deductions, and returned the assessment against the bank at $37,000. Thereupon, a notice to the bank was issued by the Board of Revenue, to appear and show cause why the assessment against it should not be raised to $100,000. The bank appeared, and filed an answer, stating the facts above recited, and claiming that the deductions were properly allowed. A demurrer to this answer was interposed by attorneys repre-

senting the county, on these grounds: (1) "because it does not show any cause against said increase in taxation;" (2) "because it shows on its face that said bank should be taxed;" (3) "because, in this proceeding, said share-holders, Leary and Houghton, can not be allowed to deduct their indebtedness;" (4) "because said bank is taxable on its capital stock, without allowing any indebtedness from the value thereof in favor of individual share-holders." The Board of Revenue sustained the demurrer, and rendered judgment "that said State Bank shall be assessed upon its capital stock of $100,000, at the par value of $100,000, being an increase of $63,000, and that the proper entries be made on the tax books."

The bank then filed a petition for a *certiorari* to remove the proceedings into the Circuit Court; and on the hearing, that court dismissed the petition, and affirmed the judgment of the Board of Revenue. The bank appeals from this judgment, and here assigns it as error.

ARRINGTON & GRAHAM, for appellant, cited *State v. Stonewall Insurance Co.*, 89 Ala. 335; *New York v. Weaver*, 100 U. S. 539; *Albany v. Stanley*, 105 U. S. 305; *Hills v. Nat. Bank*, 105 U. S. 319; *Evansville Nat. Bank v. Britton*, 105 U. S. 322; *Boyer v. Boyer*, 113 U. S. 689; *Pollard v. State*, 65 Ala. 628; 1 Desty, Taxation, 174–5.

GEO. F. MOORE, *contra*, cited *Van Allen v. Assessors*, 3 Wall. 573; *Maguire v. Board of Revenue*, 71 Ala. 420.

STONE, C. J.—The appellant is a banking corporation created under the laws of Alabama, and the chief question raised by the record is, whether, in assessing the shares of the bank for taxation, the share-holders are entitled to a credit or discount of the debts they severally owe from the value of their shares, as a subject of taxation. But there is a preliminary question.

The appellee contends that only the shareholders are competent to raise the question, and that the bank, as a corporation, is without interest in the suit, and can not be heard to complain. On principle, it would seem this argument ought to be sound. It is the share-holder who is assessed, and the taxes, though paid by the bank, are paid for the share-holder, and are properly chargeable, and no doubt are charged, against the stockholder's assets and effects in the bank's control. But the question has been several times before the courts, and in no case which has fallen under our observation was it decided that the bank could not maintain the suit.—*Nat. Bank v.*

*Commonwealth*, 9 Wall. 353; *Cummings v. Nat. Bank*, 101 U. S. 153; *Hills v. Exchange Bank*, 105 U. S. 319. We will not decide this case on the question of parties.

If we were inclined to hold that the share-holders, and not the bank, should be the actors in this litigation, it is questionable if our decision would not have a double-edged effect. When the Board of Revenue took the initiative, with the purpose of raising the assessment against the share-holders, it caused a citation to show cause to be served, not on the share-holders, but on the bank itself. It proceeded not against the share-holders, but against the bank. So, if there was any mistake of parties, it would seem the Board of Revenue committed the first mistake.

In declaring the subjects of taxation, our legislature had in contemplation the act of Congress—§ 5219 of the Revised Statutes—and made the attempt to steer clear of any and all obstacles interposed by that enactment, as construed by the Supreme Court of the United States. That was an enabling act. It conceded to the State legislatures the power to tax the shares owned by stockholders in the National banking associations located in their several jurisdictional limits, subject to two restrictions, one of which was and is, "that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such State." This clause of the act of Congress has given rise to much litigation, and to many decisions of the United States Supreme Court. Those decisions are binding on us, whenever the question is raised on a statute of this State which imposes a tax on the shares of National banking associations. It will be discovered that, in the rulings of that court of last resort on the question we have in hand, no narrow or strict interpretation has been placed on the words or phrase "other moneyed capital", as found in the act of Congress.— *Van Allen v. Assessors*, 3 Wall. 573; *People v. Weaver*, 100 U. S. 539; *Supervisors v. Stanley*, 105 U. S. 305; *Hills v. Exchange Bank*, Ib. 319; *Evansville Bank v. Britton*, Ib. 322; *Cummings v. Nat. Bank*, 101 U. S. 153.

We do not consider it necessary to specify in full the particular points ruled in the foregoing citations, because, in those cases, the rights and liabilities of shareholders in National banks were subjects of contention, whereas, in the present case, the contestants are share-holders in a bank which derived its existence and powers from the State government. The citations, however, are important in two aspects of the case before us: *first*, that investments in bank shares are embraced in the term "moneyed capital;" and, *second*, that when

[State Bank v. Board of Revenue.]

State legislation permits the tax-payer to deduct his debts from his money investments, and treats only the difference as a subject of taxation, it can not lawfully tax shares in a National bank, without allowing a corresponding deduction.

The case of the *Evansville Bank v. Britton*, 105 U. S. 322, deserves some further consideration. The statute of Indiana permitted the tax-payer to deduct the amount of his debts from the amount of his "credits, or money at interest, . . . (and) all other demands against persons, or bodies corporate, either within or without the State", and assessed only the difference as a subject of taxation. It made no provision for such deduction from the value of shares in a National banking association, but taxed them at their par value. Now, literally bank shares are not "credits, or money at interest," and they are not "demands against persons or bodies corporate;" yet, the court held that the tax-payer could only be taxed for the difference between his indebtedness and the value of his shares in the National bank.

In *Maguire v. Board of Revenue*, 71 Ala. 401, we considered our revenue law which for the first time provided expressly for taxation of shares in National banks. That statute, which was a very comprehensive one, in enumerating the subjects of taxation, contained this clause : "All money loaned, and solvent credits, or credits of value, from which credits the indebtedness of the tax-payer shall be deducted, and the excess only shall be taxed," There was no provision for any deduction from the value of National bank shares. As we have said above, it can not be pretended that bank shares are either "money loaned or solvent credits;" and hence, it was contended, the case was not brought within the restriction of the act of Congress. Under the authority of the *Evansville Bank Case*, however, we felt constrained to hold that money invested in bank shares was "moneyed capital," within the act of Congress, and, therefore, within its restrictive clause. In truth, it may be said that bank shares are intended necessarily to be included in the comprehensive phrase, "moneyed capital." The restrictive language of the act of Congress is, that the taxation shall not be at a greater rate than is assessed upon "*other* moneyed capital", &c. The employment of the word "other" shows the meaning and the intent of the act of Congress.

We may make a farther statement. To come within the restrictive clause of the enabling act of Congress, it is not necessary that the State legislation, favoring the tax-payer, shall extend to every species of moneyed capital. The taxation on National bank shares "shall not be at a greater rate than is

assessed upon other moneyed capital in the hands of individual citizens of such State," is the language of the act of Congress. The interpretation given to this provision is, that if the State statute permits a deduction of the tax-payer's debts from any species of moneyed capital, as a subject of taxation, then the share-holder in the National bank must be accorded the same right of deduction. Otherwise it could not be said, that the share-holder in a National bank is not taxed at a greater rate on his shares, than other owners of moneyed capital. If there be a concession in favor of any species of moneyed capital which is declared to be a subject of State taxation, the same must be extended to National bank shares, if the attempt be made to assess them. Such bank share-holders must be placed on a level with the most favored class, or the act of Congress is violated. Such are the decisions of the court of last resort, on the question of the right of a State to tax National bank shares. See authorities *supra*.

Chapter 3, Part. 7, Title 1, Code of 1886, commencing with section 452, declares the subjects of taxation. In section 453, subd. 7, is this language: "All moneyed capital, that is, all money loaned, or solvent credits, or credits of value, from which credits the indebtedness of the tax-payer shall be deducted; and the excess only shall be taxed." We think it clear that bank shares are moneyed capital. The act of Congress—Revised Statutes, § 5219—so declares, and the various decisions of the Supreme Court of the United States, cited above, affirm the same thing. We concur in that interpretation. So, if the words, "moneyed capital," stood alone as designating a generic subject of taxation, from the value of which the tax-payer is permitted to deduct the amount of his indebtedness, there could be no question that it would include bank shares. But they do not stand alone. The words next succeeding declare what the legislature intended to include in the words moneyed capital; *money loaned, solvent credits, credits of value.* Bank shares are neither money loaned, solvent credits, nor credits of value; nor are the latter bank shares. They are, each of them, a species, and only a species, of the generic class, moneyed capital. Hence, if we interpret, by itself, the language of the statute we have copied, we would be forced to hold that the legislature did not intend to include bank shares in the class they declared should have the right to deduct the amount of their indebtedness, and pay taxes only on the residue. We are satisfied it was not their intention. On the contrary, if we are to be governed alone by the language of our statute, we will be constrained to deny to the appellant all relief.

Subdivision 8 of section 453 relates to bank shares, considered as a subject of taxation. They are taxed, not as a privilege, but as property, having an ascertainable value. The statute first levies a tax on each share of any bank, banking company or association located within this State, whether held by residents or non-residents of this State, the same being assessed and collected in the county, and in the city, town or village, wherein such bank, banking company, or association is located, and not elsewhere." This is a general provision as to shares in any bank, whether such bank derive its powers from the Federal or State government. Speaking, however, of shares in National banks, the same section of the Code contains the further clause, that "such shares of stock, at the value so assessed, may be treated by the owner thereof as money loaned, solvent credits, or credits of value, within the meaning of the law ; and he shall be entitled to deduct his indebtedness from the assessed value thereof, in such manner, and under such regulations as may be from time to time prescribed by the Auditor, not inconsistent with the true intent and meaning of this provision ; which is, to provide that the taxation upon such shares of stock shall not, in any manner, be at a greater rate than is assessed upon other moneyed capital in the hands of the individual citizens of this State, and to guard against all unfavorable discrimination prohibited by the laws of the United States."

It will be conceded that, as above stated, bank shares are neither *money loaned, solvent credits,* nor *credits of value.* Hence, when the legislature declared that shares in National banks "may be treated " as such, " within the meaning of the law," this did not change their natures. It only had the effect of conferring on share-holders the right to deduct their indebtedness from the assessed value thereof, when rendering them in for taxation. It conferred on them the same privileges the law had accorded to those who had loaned money, or held solvent credits. It results, that our revenue law presents this state of facts : The holders of shares in National banks can claim and obtain, against their value, a deduction of their several indebtedness, and are taxable only for the excess, while the holders of shares in banks other than National can claim no such deduction. And this discrimination raises the sole question which this record presents.

The Constitution of this State, Article XI, section 1, ordains, that " all taxes levied on property in this State shall be assessed in exact proportion to the value of such property." Section 6 : " The property of private corporations, associations and individuals of this State, shall forever be taxed at the same rate."

We have several times had occasion to consider these clauses of the Constitution. We have not held that they exact a horizontal tax, nor that the legislature must levy a tax upon every description of property. See section 454 of the Code of 1886. Nor is it necessary that we should express any opinion, at this time, whether every species of property, if taxed at all, must necessarily be taxed at the same rate *per centum*. See Code of 1886, §§ 451, 455, 456. What we do decide is, that whenever the legislature levies a tax on property, the rate must be in exact proportion to the value of such property ; and that if a tax is imposed on any species of property, all property belonging to that species must be taxed at the same rate, whether it belongs to an individual, an association of persons, or to a private corporation. We mean by this, not only that, in this regard, natural persons, individuals or companies stand on the same footing with private corporations, but also that each individual association, or private corporation, is, under our constitution, endowed with the same rights, and subject to the same burdens, as are enjoyed or suffered by every other natural person, association of persons, or private corporation. The following authorities render it unnecessary for us to go into the argument at greater length.—*Mayor of Mobile v. Stonewall Ins. Co.*, 53 Ala. 570; *State Auditor v. Jackson County*, 65 Ala. 142 ; *Maguire v. Board of Revenue*, 71 Ala. 401. See, also, *Nat. Commercial Bank v. Mayor*, 62 Ala. 284 ; *Sumter Co. v. Nat. Bank*, *Ib.* 464 ; *Perry Co. v. Railroad*, 65 Ala. 391 ; *Pollard v. State, ex rel.*, *Ib.* 628.

We need scarcely say that bank shares in a National bank, and bank shares in a State bank, belong to one species of moneyed capital. Any attempt to draw a distinction between them, as subjects of taxation, would be futile. In assessing the one, our statute allows a deduction of the tax-payer's indebtedness, and taxes the surplus. In assessing the other, it allows no such deduction. We hold that this is a violation of section 6, Art. XI of Alabama's Constitution, and that the shareholders in State banks are entitled to the same deductions as the statute accords to the share-holders of National banks.

The judgment of the Circuit Court is reversed, and a judgment here rendered quashing the proceedings of the Board of Revenue herein complained of. Let the costs of the Circuit Court and of this court be paid by the appellee.

Reversed and rendered.