(106 So. 501)

### PIERSON v. PHILLIPS, Tax Collector.
### (2 Div. 882.)

(Supreme Court of Alabama. Dec. 17, 1925.)

Schools and school districts ⚭101—Constitutional amendment providing for special school tax held to increase combined county and state rate from $1.25 to $1.55 on $100 taxable property.

Const. art. 19, § 1 (see Acts 1915, p. 107 et seq.), authorizing counties to levy special school tax not exceeding 30 cents on each $100 of taxable property in addition to that authorized under section 260, *held* impliedly to amend section 269, providing that special 10-cent school tax shall not increase combined county and state tax rate above $1.25 by raising limit to $1.55, but leaves maximum of state tax under section 260 unchanged.

Appeal from Circuit Court, Dallas County; S. F. Hobbs, Judge.

Bill in equity by W. T. Pierson against G. C. Phillips, as Tax Collector of Dallas County. From a decree sustaining demurrer to the bill, complainant appeals. Affirmed.

A. M. Pitts and A. D. Pitts, both of Selma, for appellant.

Each section of the Constitution must stand alone and must cover the particular field for which it was intended. Cooley, Const. Lim. 69; 1 Story, Const. 405; Mobile v. Stonewall Ins. Co., 53 Ala. 570; Taylor v. Woods, 52 Ala. 474; Zeigler v. South, etc., R. Co., 58 Ala. 594; Robertson v. McGough, 118 Ala. 159, 24 So. 395. The rate of special tax shall not increase the rate of taxation, state and county, in any one year, to more than $1.25 on each $100 of taxable property. Const. 1901, § 269. This section is plain and unambiguous, and is mandatory. Robertson v. McGough, supra.

Pettus, Fuller & Lapsley, of Selma, for appellee.

The effect of the amendment of 1915 was to amend section 269 of the Constitution, by raising the limit therein to $1.55, or by requiring that the 30-cent tax be excluded from the calculation. Washington v. State, 75 Ala. 586, 51 Am. Rep. 479; Maxwell v. Dow, 176 U. S. 581, 20 S. Ct. 448, 494, 44 L. Ed. 597; Camden v. Fairbanks, 204 Ala. 112, 86 So. 10; Chicago v. Reeves, 220 Ill. 274, 77 N. E. 237; Allgood v. State, 20 Ala. App. 665, 104 So. 848; Pasadena v. R. R. Comm., 183 Cal. 526, 192 P. 25, 10 A. L. R. 1429; In re Opinion to Governor, 35 R. I. 166, 85 A. 1057.

SAYRE, J. Appellant filed the bill in this cause to enjoin the collection of a special school tax of one mill voted by the people of Dallas county in June of the current year. Some objections to the remedy sought were interposed by appellee in the trial court, but they are not reiterated in the brief on appeal, and appear to have been settled in appellant's favor in Shanks v. Winkler, 210 Ala. 101, 97 So. 142.

The question of essential merit in the cause arises as follows:

Section 1 of article 19 of the Constitution, adopted in 1915 as an amendment of the Constitution of 1901 (Acts 1915, p. 107 et seq.), reads as follows:

"The several counties in the state shall have power to levy and collect a special county tax not exceeding thirty cents on each one hundred dollars worth of taxable property in such counties in addition to that now authorized or that may hereafter be authorized for public school purposes, and in addition to that now authorized under section 260 of article 14 of the Constitution," with a proviso for popular approval in each county, not now involved.

Section 260 of the Constitution:

"The income arising from the sixteenth section trust fund, the surplus revenue fund, until it is called for by the United States government, and the funds enumerated in sections 257 and 258 of this Constitution, together with a special annual tax of thirty cents on each one hundred dollars of taxable property in this state, which the Legislature shall levy, shall be applied to the support and maintenance of the public schools, and it shall be the duty of the Legislature to increase the public school fund from time to time as the necessity therefor and the condition of the treasury and the resources of the state may justify; provided, that nothing herein contained shall be so construed as to authorize the Legislature to levy in any one year a greater rate of state taxation for all purposes, including schools, than sixty-five cents on each one hundred dollars worth of taxable property; and provided further, that nothing herein contained shall prevent the Legislature from first providing for the payment of the bonded indebtedness of the state and interest thereon out of all the revenue of the state."

Section 269 of the Constitution:

"The several counties in this state shall have power to levy and collect a special tax (a) not exceeding ten cents on each one hundred dollars of taxable property in such counties, for the support of public schools; provided, that the rate of such tax, the time it is to continue, and the purpose thereof, shall have been first submitted to a vote of the qualified electors of the county, and voted for by three-fifths of those voting at such election; but the rate of such special tax shall not increase the rate of taxation, state and county combined, in any one year, to more than one dollar and twenty-five cents on each one hundred dollars of taxable property; excluding, however, all special county taxes for public buildings, roads, bridges, and the payment of debts existing at the ratification of the Constitution of eighteen hundred and seventy-five. The funds arising from such special school tax shall be so apportioned and paid through the proper school officials to the several schools in the townships and districts in the county that the school terms of the

⚭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

respective schools shall be extended by such supplement as nearly the same length of time as practicable; provided, that this section shall not apply to the cities of Decatur, New Decatur, and Cullman."

The levy of one mill voted by the people of Dallas county, the tax in question, brings the combined tax levy for the state of Alabama and the county of Dallas to $1.45 on each $100 of taxable property, excluding all special county taxes for public buildings, roads, bridges, and the payment of debts existing at the ratification of the Constitution of 1875, a special school tax of 30 cents having been levied in pursuance of the authority of section 1, article 19, of the Constitution, supra. The special levy of one mill is made under authority of section 269 of the Constitution. The question at issue is whether the levy of 30 cents, noted above, shall be included in the estimate of taxes allowed by section 269, for, if not, the one-mill tax in question violates the inhibition of that section which is contained in these words:

"But the rate of such special tax shall not increase the rate of taxation, state and county combined, in any one year, to more than one dollar and twenty-five cents on each one hundred dollars of taxable property; excluding, however, all special county taxes for public buildings," etc.

In the brief for appellant taxpayer it is noted that while section 1 of article 19 specifies that the special levy of 30 cents thereby authorized may be in addition to the tax levy authorized by section 260 of the Constitution, it contains no reference to section 269, and the argument is that, therefore, the inhibition of that section, quoted above, remains in full force and vigor.

The amendment deals exclusively with local, county, taxation. Section 260 deals with the subject of state taxation, with the levy of taxes by the Legislature. The reference in the amendment to section 260 is plain enough; it preserves the maximum limit of state taxation provided by the section, though the necessity for such provision is not entirely clear, since the amendment and the section deal with separate and distinct taxing powers. The question to be decided lies then between the amendment and section 269. The last-named section deals also with local taxation. The two must be construed together, keeping in mind the fact that the amendment is the later declaration of the popular will. As our quotation has shown, section 269 provides that "the rate of such special tax"—meaning the special tax of 10 cents, levied in this case—"shall not increase the rate of taxation, state and county combined, in any one year, to more than one dollar and twenty-five cents." By reason of a local tax of 30 cents, previously levied under the amendment, the levy of 10 cents now at issue does increase the total rate of taxation, state and county, beyond the maximum stipulated by section 269. Our judgment is that the language of the amendment operates as an amendment of section 269 in respect to the maximum prescribed, that the proviso of the section must now be read as if it were written "one dollar and fifty-five cents" instead of "one dollar and twenty-five cents"; this, because the language of the amendment is that the special county tax is to be "in addition to that now authorized or that may hereafter be authorized for public school purposes," meaning 30 cents in addition to any local school tax then or thereafter levied under section 269 of the Constitution, which in turn implied, as of inescapable necessity, that the maximum rate of taxation, state and county combined, should thereafter be $1.55, leaving, however, the maximum of state taxation, provided by section 260, unimpaired. This would be entirely clear if the special tax of 10 cents authorized by section 269 had been levied in advance of the levy of 30 cents authorized by the amendment, and question had been raised as to the last-named tax as being in excess of the constitutional maximum. In that case the tax, though in excess of the maximum named in section 269, would have been justified under the wholly unambiguous language of the amendment. The same result must follow in the case presented by the record.

The judgment of the circuit court was in accord with the view here expressed and must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.