155 So. 616

**PULLMAN CAR & MFG. CORPORATION OF ALABAMA v. HAMILTON et al.**

6 Div. 549.

Supreme Court of Alabama.
May 17, 1934.

Rehearing Denied June 28, 1934.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

Cabaniss & Johnston and K. E. Cooper, all of Birmingham, for appellant.

Stokely, Scrivner, Dominick & Smith and M. L. Taliaferro, all of Birmingham, for appellees.

THOMAS, Justice.

The complaint sought recovery from the tax collector and the sureties on his official bond of the amount paid by plaintiff under protest as for special county and city school taxes for the tax year 1932.

The judgment on demurrers was against the plaintiff, and, failing to plead further, as permitted by the former order of the court, judgment was for the defendants denying the right of plaintiff to recover the two items of taxes paid under protest by it, and it was duly ordered that the latter "go hence without delay and have and recover of the plaintiff all costs herein accrued for which execution may issue."

Adverting to the pleadings in this case, the grounds of demurrer present the questions argued by counsel, viz.: (1) Is section 3023 of the Code of 1928 (Acts 1927, pp. 55, 56, 641, 642, amendatory of sections 3023, 3024, 3025, Code) in conflict with section 100 of the Constitution? (2) Are the taxes in question county or city taxes within the influence of section 3023, Code? (3) Is section 3023 in conflict with the school tax amendment of the Constitution (article 19)?

The counts on which the trial was had are: Count 1, which sought recovery of a sum of money paid by the plaintiff "as and for taxes levied for county school purposes, on the assessed value of plaintiff's said property so exempt from taxation under and by virtue of said resolution * * * of the Board of Revenue of Jefferson County," and collected under the provisions of article 19, Special School Tax Amendment to the Constitution. Count 2, which sought to recover a sum of

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

money paid under protest by the plaintiff as the amount of the *special three-mill district school tax*, levied under the provisions of the aforementioned amendment to the Constitution *on the property* located in the school district which is coextensive with the city of Bessemer. And in each count the plaintiff claims these sums, for that it says these taxes on the said properties were *exempt* by due resolutions of declaration of exemption of the board of revenue of Jefferson county, and by an ordinance of the city of Bessemer for school purposes.

The alleged exemptions here asserted rest upon the validity and efficacy of the appropriate provisions given expression in sections 3023, 3024, of the Code of 1928. Acts 1927, pp. 55, 56, 641, 642. The provision of the statute is, in substance: "For the purpose of encouraging the building, extending and operating of factories" and plants of the character and classes enumerated and specifically described in the statute; that "the court of county commissioners, or other courts having like jurisdiction of any county, and the constituted authorities of any city, or town, in which it is proposed to locate, or add to, or extend any such factories, or plants, are authorized and empowered *to remit the taxes assessed on such factories or plants, and on all extensions or additions* to such factories, or plants, * * * for all county and municipal purposes, for a period not exceeding five years from the date of the incorporation," etc. (Italics supplied.)

And the succeeding statute (section 3024, Code 1928) indicated the procedure by which "the benefit of the exemptions from county and city taxation above provided" may be had.

And in section 3024 of the Code of 1928, or section 2 of the act of 1927 (Acts 1927, p. 642, § 2) is the further provision, that "such property must be returned to the state for taxation unless exempted therefrom." Crow, Tax Collector, v. General Cable Corporation, 223 Ala. 611, 137 So. 657.

■ These taxing statutes and laws are to be construed in pari materia. Union Central Life Ins. Co. v. State ex rel. Whetstone, Tax Assessor, 226 Ala. 420, 423, 147 So. 187.

Article 19 of the Constitution, called Special School Tax Amendment, submitted pursuant to the act of 1915 (Acts 1915, p. 107) and adopted by vote of the people, contains the following provisions:

"§ 1. The several counties in the State shall have power to levy and collect a special county tax not exceeding thirty cents on each one hundred dollars worth of taxable property in such counties in addition to that now authorized or that may hereafter be authorized for public school purposes, and in addition to that now authorized under Section 260 of Article XIV of the Constitution: provided, that the rate of such tax, the time it is to continue and the purpose thereof shall have been first submitted to the vote of the qualified electors of the county, and voted for by a majority of those voting at such election.

"§ 2. The several school districts of any county in the State shall have power to levy and collect a special district tax not exceeding thirty cents on each one hundred dollars worth of taxable property in such district for public school purposes;" etc. Code of 1928, p. 88, art. 19, §§ 1 and 2.

Section 2 of this article is similar to section 1 (applying to counties), except that its application is to public school districts instead of to the whole of the county.

It will be noted that the authorized levy provided in each section is on the "worth of taxable property," as may be the case, in such county, or in "such district for public school purposes."

The amendment in question, authorized of submission and adopted as article 19, III, Code 1928, p. 88, was pursuant to the act of 1915 (Gen. Acts 1915, p. 107). Its purpose and authority were to levy and collect the special tax therein indicated on the *worth of taxable property* in such counties, and in the several districts of any county under such regulations as the Legislature may have prescribed or may hereafter prescribe. The words *"worth of taxable property"* employed in this act and the amendment adopted appear in other sections of the Constitution, as in section 260, and were adverted to by Mr. Justice Sayre in Pierson v. Phillips, Tax Collector, 214 Ala. 88, 106 So. 501, and declared to mean property that is subject to be taxed.

The court, in State v. Birmingham So. R. Co., 182 Ala. 475, 479, 62 So. 77, 79, Ann. Cas. 1915D, 436, held the constitutionality of the provision of the act in question, employing the words, "The taxable property within this state shall be assessed, for the purpose of taxation," will be considered and tested in the light of well-established principles, viz.:

"(1) The power of taxation is an incident of sovereignty and is possessed by the government without being expressly conferred by the people." See Dobbins v. Commissioners of Erie County, 16 Pet. (14 U. S.) 435, 10 L. Ed. 1022; Ohio Oil Co. v. E. A. Conway, 281 U. S.

146, 50 S. Ct. 310, 74 L. Ed. 775; Phelps v. Union Bank & Trust Co., 225 Ala. 238, 142 So. 552; Phoenix Carpet Co. v. State, 118 Ala. 143, 22 So. 627, 72 Am. St. Rep. 143.

"(2) *The power is purely legislative.*" (Italics supplied.)

"(3) So long as no constitutional limitations are exceeded, the Legislature is of supreme authority, and the courts, as well as all others, must obey."

It was there observed that the term employed, "taxable property," means, what the plain and obvious words imply, *property that is subject by the law to be taxed,* and not that which is and intended by the law to be exempt and not subject to the imposition of taxes.

In the last-cited case Mr. Justice Somerville said:

"Section 211 of the present Constitution had its origin in a provision first found in the Constitution of 1819: 'All lands liable to taxation in this state, shall be taxed in proportion to their value.' This rule, preserved in all succeeding Constitutions, was extended to personal property and incorporated in the Constitution of 1868 in the following language: 'All taxes, levied on property in this state, shall be assessed in exact proportion to the value of such property.' And so it has been preserved unchanged in the two succeeding Constitutions of 1875 and 1901. The purpose and scope of this constitutional limitation upon the taxing power has been frequently considered by this court, and the substance of our decisions is that it was designed to secure uniformity and equality by the enforcement of an ad valorem system of taxation and to prohibit arbitrary or capricious modes of taxation without regard to value. Moog v. Randolph, 77 Ala. 597, 602; W. U. Tel. Co. v. State Board, etc., 80 Ala. 273, 275, 60 Am. Rep. 99; Assessment Board v. A. C. R. Co., 59 Ala. 551; Mayor of Mobile v. Stonewall Ins. Co., 53 Ala. 570. This does not mean that all property must be taxed. Moog v. Randolph, supra; State Bank v. Board of Revenue, 91 Ala. 217, 223, 8 So. 852. Nor does it prohibit exemptions from taxation or such classifications of property as are not purely arbitrary, capricious, or without the semblance of reason. Moog v. Randolph, supra. It does, however, prohibit the Legislature from prescribing or declaring an arbitrary or artificial value of the property of individuals or corporations, and assessing taxes on such valuation. Assessment Board v. A. C. R. Co., supra. * * *

"It is thoroughly well settled that the Legislature has the power to exempt from taxation any kinds or classes of property at its discretion, if not constitutionally restrained therefrom. 37 Cyc. 738–740. Our Constitution imposes no restraint in this particular, except as to uniformity and equality. Moog v. Randolph, 77 Ala. 597; Phœnix Carpet Co. v. State, 118 Ala. 143, 22 So. 627, 72 Am. St. Rep. 143; Mayor of Mobile v. Stonewall Ins. Co., 53 Ala. 570. In fact, whenever the Constitution provides for the levy of a tax, it is expressly limited to 'taxable property,' which means, as we have already pointed out, property not lawfully exempted from taxation."

This holding as to the words employed, "taxable property," is that it is property which the Legislature has not exempted from taxation within the meaning of the Constitution, that the power of the Legislature to exempt from taxation is untrammeled, and that authority may exempt any proper class of property from taxation within the constitutional limitations. The decision in State v. Birmingham So. R. Co., 182 Ala. 475, 62 So. 77, Ann. Cas. 1915D, 436, was followed in Crow, Tax Collector, v. General Cable Corporation, 223 Ala. 611, 613, 137 So. 657, 658, so declaring, and making the further observation that the Legislature may delegate that power to local government in the absence of constitutional restrictions.

█ Such is the construction and use of the words "worth of taxable property," employed in the Amendment, article 19; and the words "exemptions from county and city taxation," "remit the taxes assessed," and "but all such property must be returned to the state for taxation unless exempted therefrom," used in sections 3023, 3024. That is to say, the words as used in the School Tax Amendment mean and embrace, not *all property*, but all property not lawfully exempt or otherwise not the subject of taxation, the value upon which the tax rate is imposed for the production of tax revenues. This is the natural and common sense meaning of the language that has been employed on the subject in the Amendment to the Constitution, article 19, and these statutes, sections 3023, 3024, 3025, Code of 1928.

█ It follows that, the extent of the exercise of the power of taxation within constitutional limits being purely legislative, the *power to exempt* any class of property from taxation—an exemption not forbidden by the Constitution as being purely arbitrary, capricious and without semblance of reason—is likewise a matter for the exercise of legislative policy

and judgment, with which the courts are not concerned. Such is the effect of our decisions. Davis v. State, 68 Ala. 58, 44 Am. Rep. 128; State v. Alabama Fuel & Iron Co., 188 Ala. 487, 503, 66 So. 169, L. R. A. 1915A, 185, Ann. Cas. 1916E, 752; State v. Birmingham So. R. Co., 182 Ala. 475, 490, 62 So. 77, Ann. Cas. 1915D, 436; Penn Mut. Life Ins. Co. v. State, 223 Ala. 332, 135 So. 346; Crow, Tax Collector, v. General Cable Corporation, 223 Ala. 611, 137 So. 657.

We are thus brought to the answer of the question: Are sections 3023 and 3024 of the Code of 1928 valid exemption statutes when tested by the Constitution?

The general rules of constitutional construction of statutes are understood as have been announced and discussed in our decisions; they need not be repeated here. Jefferson County v. Busby, 226 Ala. 293, 148 So. 411, where authorities are collected and classified; State v. Alabama Fuel & Iron Co., supra; Union Bank & Trust Co. v. Blan, ante, p. 180, 155 So. 612.

It has been noted that in section 2 of the act of 1927 (Acts 1927, p. 56; section 3024, Code 1928) there is the specific requirement, "but all such property must be returned to the state for taxation unless exempted therefrom." And it was declared in Crow, Tax Collector, v. General Cable Corporation, that, to obtain the benefits of exemption of such property returned to the State for taxation, the person proposing to locate such property and seeking the exemption shall make application in the prescribed form to the governing body therefor; that these statutes are to be strictly and prospectively construed; that the plan and import of the statutes are given effect within the restrictions of the Constitution and statutes; that, when the exemption is recognized and allowed, the property shall be free of county or district taxes for the time and area indicated within the statute; and the school tax was within the statute as for a "county and municipal purpose." In the Crow Case, supra, a special road and bridge tax, authorized by amendment to the Constitution No. 290 (Acts 1923, p. 594), was dealt with, and that amendment authorized the county to levy a tax for roads and bridges on property of the county assessed for taxation. The enabling act passed to make that amendment (No. 290) effective provided for the levy of the tax on the assessed values of taxable property of the county; held *not to impose a tax on exempt property.* Mr. Justice Bouldin asks the questions:

"In the ballot prescribed, the voter authorizes a levy 'on all the taxable property in the county' at such rate as shall be sufficient, etc.

"Do these provisions operate as a repeal in part of the general exemption statute as applied to the county of Mobile? Is the exemption from taxes for 'all county purposes' partially repealed by implication?"

And answers:

"The amendment was made effective by the enabling Act of August 10, 1927, above outlined. (Acts 1927, page 151.) * * *

"We discover nothing in this amendment imposing a tax on exempt property, nor stripping the Legislature of power to pass exemption laws in the future. Nor is there anything in this amendment subjecting to this tax all property assessable for state purposes rather than for county purposes. * * *

"The provisions of the bond act above copied deal with the rate of taxation, and not with exemptions from taxation. Only by implication can they be construed to modify and affect a partial repeal of the exemption law.

"While not wholly free from doubt, we conclude the rule of construction illustrated and defined in the authorities last above cited should and does govern this case."

Several of the questions here propounded are concluded by the Crow Case, supra.

█ █ Adverting to the provisions of section 100 of the Constitution and the constructions given thereof, as applied to taxes duly assessed, accrued, and thus becoming a legal liability of the taxpayer, and which may not be remitted as a personal charge against the citizen without offense to such provision of organic law, the case here is not one for a remission of taxes that had accrued (Union Bank & Trust Co. v. Phelps, 228 Ala. 236, 153 So. 644; Union Bank & Trust Co. v. Blan ante, p. 180, 155 So. 612), but one for an exemption provided by the law.

The statutes having been duly invoked to the legal efficiency of the exemption, there was no offense to section 100 of the Constitution in the recapture of moneys illegally collected as taxes. The provisions of the exemption statutes are not in conflict with the School Tax Amendment, article 19, Constitution.

We are of opinion that the plaintiff was entitled, under both counts, to recover the moneys illegally collected and paid under protest.

The judgment of the circuit court is therefore reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BROWN, and KNIGHT, JJ., concur.