81 So.2d 667

## H. M. BRITTAIN
### v.
## Stell BENEFIELD, Probate Judge, et al.

5 Div. 622.

Supreme Court of Alabama.

July 14, 1955.

H. M. Brittain, Wedowee, pro se.

Paul J. Hooton, Roanoke, for appellees.

Lawrence Dumas, Jr., Dumas, O'Neal & Hayes, Birmingham, amici curiae.

STAKELY, Justice.

In the early part of 1950 more than two hundred qualified electors and freeholders of Randolph County addressed a petition to the Court of County Commissioners of Randolph County as is provided in § 246, Title 52, Code of 1940 and in § 254, Title 52, Code of 1940 and the Third Amendment of the Alabama State Constitution. The petition first requested the Court of County Commissioners to order an election to be held on May 2, 1950, to determine whether or not a special tax shall be levied and collected annually at the rate of ten cents on each $100 worth of taxable property in said county, such tax to be levied and collected annually for public school purposes within said county and to be continued for a period from July 1, 1950, to and including September 30, 1980. The petitioners also in the same petition requested the Court of County Commissioners to order an election to be held on May 2, 1950, to determine whether or not a special tax shall be levied and collected annually at the rate of thirty cents on each $100 worth of taxable property in said county, such tax to be levied and collected annually for public school purposes within the said county and to be continued for a period from October 1, 1963, to and including September 30, 1980.

The Board of Education of Randolph County also petitioned and requested the Court of County Commissioners of Randolph County to order an election to be held on May 2, 1950, to determine whether or not the aforesaid special taxes for the aforesaid purposes and for the aforesaid periods should be collected annually within Randolph County.

The Court of County Commissioners thereafter entered an order calling a special election for May 2, 1950, to determine whether or not a special tax of thirty cents on each $100 of taxable property shall be levied and collected annually for a period of seventeen years in said county from October 1, 1963, to September 30, 1980, and also whether or not a special tax of ten cents on each $100 of taxable property shall be levied

and collected annually for a period of thirty years in said county from July 1, 1950, through September 30, 1980, both taxes being for public school purposes in Randolph County.

Provision was made in the order that the election be held at the same time and places and by the same officers designated to hold the primary election of May 2, 1950, and further that notice of the election be given by publication thereof in the Randolph Press, a newspaper published in said county, for four successive weeks prior to the time of the election, the first publication to be made at least thirty days before the time of said election. The order further provided that all ballots and supplies be furnished the managers of the election, conforming in every respect to the laws governing public elections. It was further ordered that the Court of County Commissioners meet at the court house at 10 o'clock on Thursday, May 4, 1950, to canvass the returns of said election. Notice of the election so set for May 2, 1950, contained the notice of the election on both the one mill tax and the three mill tax in the same no-

tice, it being specially shown that both taxes would be a continuation of the present taxes and in no respect a new tax and that such taxes were to be for public school purposes within the county.

The form of ballot used in the election on May 2, 1950, was as follows:

"Official Ballot
"Special Election
for Public School Purposes.

"Shall the Board of Commissioners of Randolph County levy and collect annually for a period of seventeen years from October 1st, 1963 through September 30th 1980 a special tax of 30 cents on each one hundred doll. of taxable property in said County for public school purposes in said County and also levy and collect annually for a period of thirty years from July 1st 1950 through September 30th 1980 a special tax of ten cents on each one hundred dollars of taxable property in said County for public school purposes in said County.

| Make a cross mark (X) before the proposition you vote for | |
|---|---|
| For Proposed Taxation | |
| Against Proposed Taxation | " |

On the day set for the canvass of the special election for public school purposes which was held on May 2, 1950, the Court of County Commissioners of Randolph County met and, among other things, noted that the election showed 2,572 voting for the proposed taxation and 776 against the proposed taxation. It was therefore ordered by the Court of County Commissioners that the election returns be declared to be correct and official.

H. M. Brittain, a bona fide resident citizen of Randolph County, Alabama, and a qualified elector and property holder in the

aforesaid county, filed a bill for a declaratory judgment in the Circuit Court of Randolph County against Stell Benefield, Probate Judge and Chairman of the Randolph County Court of Commissioners, and also against Gay Foster, T. W. Chaffin, E. R. Gross and Douglas Allen, Commissioners of Randolph County, Alabama, alleging in substance that there was a justiciable controversy as to whether the election and the various proceedings which have been alleged were valid or invalid as being contrary to the statutes and Constitution of the State of Alabama.

The respondents made answer to the bill admitting all the allegations of fact contained in the bill but denied that the election and the various proceedings providing for the election were invalid or contrary to law. The court rendered a decree holding the election to be in all respects valid. Morgan v. Board of School Com'rs of Mobile County, 248 Ala. 22, 26 So.2d 108; Avery Freight Lines, Inc., v. Persons, 250 Ala. 40, 32 So.2d 886. The appeal here is from this decree.

Appellant states the question to be decided in this case as follows: "Can or could a 1 mill tax and a 3 mill tax be acted upon in a single petition, a single resolution by the Board of County Commissioners, by a single election notice containing both, and by a ballot containing both taxes at the same time requiring one vote for either for approval or rejection of both at one and the same time."

In order to analyze the question presented it is well to consider the statutes and the pertinent provisions of the Constitution of the State of Alabama in order to see what they provide and require as to the one mill and three mill tax elections. Section 269 of the Constitution provides that the several counties in this state shall have power to levy and collect a special tax not exceeding ten cents on each one hundred dollars of taxable property in such county, for the support of public schools. It then provides that the rate of such tax shall not increase the state and county tax combined in excess of one dollar and twenty-five cents on each one hundred dollars of taxable property. It is conceded in the case at bar that the one mill tax will not exceed the one dollar and twenty-five cents on each one hundred dollars of taxable property, exclusive of road, bridge and special county taxes so that that feature of the Constitution is not violated. There is no question but that the funds will be used for public schools of the county. The record shows that some 3,300 votes were cast in the special tax election, 2,572 for and 776 against, which shows that the vote in favor of the tax was in excess of ⅔th

of those voting in such election. Hence there is no constitutional violation to this point in the discussion of § 269 of the Constitution.

It follows from the foregoing and as we shall see, the only question with reference to the one mill tax is whether the tax is illegal because it was unlawfully submitted to the voters. If there is any irregularity at all it lies in the double submission of the question to the voters under § 246, Title 52, Code of 1940.

■ Let us now turn to a consideration of the election as to the three mill tax. The third amendment of the constitution plainly states that the several counties of the state shall have power to levy and collect a special county tax not exceeding thirty cents on each one hundred dollars of taxable property in the county in addition to that now authorized or hereafter authorized for public school purposes and in addition to that now authorized under § 260 of the constitution, provided the rate of tax, the time it shall continue and the purpose thereof, shall have been first submitted to the vote of the qualified electors of the county and voted for by a majority of those voting in such election. It is clear again that there has been no violation of the foregoing section of the constitution. We expressly point out that there is no constitutional violation in levying both the one mill tax and the three mill tax within the county for school purposes. Pierson v. Phillips, 214 Ala. 88, 106 So. 501.

The result is that if there is any defect or irregularity in the election so far as the three mill tax is concerned, it lies in a violation of § 254, Title 52, Code of 1940, making a double submission to the voters.

■ Without conceding that there is any irregularity in connection with the enabling statutes to which we have referred, it is obvious that the only irregularity, if any, in the election arises out of a submission to the voters of both taxes at the same time. It is clear from this statement that the irregularity in the election is a statutory irregu-

larity, if any, and not a constitutional defect. Since this is true, we need only to say that on June 5, 1951, the Legislature of Alabama passed an Act curing irregularities in respect to elections of the character here involved. Acts of Alabama 1951, Vol. 1, pp. 284–285. It will be noted that the passage of such acts has been a practice of recent years in this state. §§ 274(1), 274(2), 274(3), pp. 29–30, Pocket Part, Title 52, Code of 1940. The adoption of the aforesaid Act is a complete answer to any contention as to irregularities which are not constitutional violations.

In view of what we have said we add the following thought although not necessary to a decision. Upon a consideration of the matter we are persuaded that the submission of the one mill tax and the three mill tax to the voters for their approval or disapproval constituted in reality a single proposal, since the two propositions are so closely related as properly to be dependent. The two taxes make up a single comprehensive plan for the continued financing of public schools in Randolph County on the same basis and that being true, may be submitted as a unit. 18 Am.Jur. p. 299. As stated in Coleman v. Town of Eutaw, 157 Ala. 327, 47 So. 703, 708, in speaking of a similar situation, "True, a voter might desire to approve by his ballot the construction or purchase of a water plant, but be opposed to the construction of a light plant. His remedy must be to vote against the whole proposition, rather than that the law should be rendered practically abortive by an effort to conform it to his particular views."

It results that the judgment of the lower court is due to be affirmed.

Affirmed.

GOODWYN, MERRILL and MAYFIELD, JJ., concur.

LIVINGSTON, C. J., and LAWSON and SIMPSON, JJ., dissent.