# Stein *v.* Mayor, etc., of Mobile.

*Action to recover Taxes paid under Protest.*

*License tax on proprietor of city waterworks for carrying on said business within city limits, under contract with corporate authorities.* — The corporate authorities of the city of Mobile having entered into a contract with Albert Stein on the 26th day of December, 1840, by which they transferred to him certain waterworks then belonging to the city, for the term of twenty years, and until said waterworks were redeemed by the city as therein provided ; granting to him the exclusive privilege of supplying said city with water during said term, and stipulating that, on his performance of all the duties imposed on him by said contract, he " shall and may retain quiet possession of said waterworks during said term, without let, molestation, or hindrance," on the part of the city ; the corporate authorities of said city cannot, during the continuance of said contract, require the said Stein to pay a license, or tax, for carrying on his said business within the limits of the city.

Appeal from the Circuit Court of Mobile.

The record does not show the name of the presiding judge.

This case was submitted to the decision of the court below, without the intervention of a jury, on the following " agreed statement of facts : "—

" 1. The acts of the legislature, contracts, and other documents contained in the annexed printed pamphlet, entitled ' Documents relating to the Mobile Waterworks,' and marked ' A,' are to be considered in evidence, and the recitals therein contained are admitted to be true.

" 2. The contract between said plaintiff and defendants, dated the 26th day of December, 1840, and contained in said pamphlet, is a valid and subsisting contract.

" 3. The business now being carried on in the city of Mobile by said Stein, and for the carrying on of which a license tax has been demanded and collected from him by the defendants, as hereinafter shown, is the business described in said contract.

" 4. By an ordinance of the defendants, which is admitted to have been passed in pursuance of the charter of said city, it is ordained, ' that all persons trading, carrying on any business, pursuit, trade, or profession in the city, shall obtain a license for the same, in the manner hereinafter provided.'

" 5. On the 27th day of July, 1871, in the manner provided in the aforesaid ordinance, the defendants, by their duly authorized agent, collected from the plaintiff the sum of seventy-five dollars, as the price of a license, signed by the mayor of Mobile, which he demanded that the plaintiff should purchase

[Stein v. Mayor, etc., of Mobile.]

and pay for, for carrying on in Mobile his said business connected with said waterworks.

" 6. The plaintiff objected to paying for said license, claiming that, under his said contract with said defendants, he was exempt from so doing; but defendants' said agent insisted, and plaintiff paid the money under protest.

" 7. On the 21st of February, 1872, the plaintiff sued said defendants before a justice of the peace in said city, and recovered a judgment for $78.50, from which said defendants have appealed to this court.

" It is agreed that, on the above statement of facts, the court shall render a final judgment, without the intervention of a jury. If the court shall be of the opinion that the plaintiff is exempt from the payment of said license, judgment, as on verdict, shall be rendered and entered in favor of the plaintiff, for the sum of $75, with interest from the 27th day of July, 1871, and costs ; but if the court shall be of the opinion that, notwithstanding said contract, the defendants had the right to levy and collect the said license, or tax, then judgment is to be rendered for the defendants. It is further agreed that the defendants may introduce as evidence the charter of the city of Mobile, and any ordinances bearing upon the subject matter in controversy that have been passed by the mayor, aldermen, and common council of the city of Mobile, and are unrepealed ; and that each party retains the right of appeal to the Supreme Court, from the judgment of said Circuit Court."

The " Documents relating to the Mobile City Waterworks," contained in the exhibit mentioned in the " agreed statement of facts," as copied into the transcript, are the following : 1. The act of the legislature approved December 20, 1820, entitled, " An act to incorporate an aqueduct company in the city of Mobile." 2. The 7th and 18th sections of the act approved December 24, 1824, entitled " An act to alter and amend the charter of incorporation of the city of Mobile," by which the act incorporating the said aqueduct company was declared null and void, and all the powers and privileges conferred on said company were transferred to the corporate authorities of the city of Mobile. 3. Articles of agreement, made and entered into on the 1st day of December, 1836, between the corporate authorities of said city and Henry Hitchcock, relative to the waterworks then belonging to the city. 4. The act of the legislature approved December 25, 1837, entitled " An act to incorporate the Mobile Aqueduct Company." 5. The contract, or articles of agreement, made and entered into between the corporate authorities of said city and Albert Stein, which are hereinafter set out at length. 6. The act of the legislature approved January 7, 1841, entitled " An

act for the promotion of the health and convenience of the city of Mobile, by the introduction of a supply of wholesome water into said city, to be used for domestic purposes and the extinguishment of fires," by which the said contract was ratified and confirmed ; and also several subsequent acts of the legislature in reference to said waterworks, which require no special notice.

The contract between the corporate authorities of said city and the plaintiff, as set out in the transcript, was as follows : —

" *Articles of agreement*, made and entered into the 26th day of December, in the year one thousand eight hundred and forty, by and between the mayor, aldermen, and common council of the city of Mobile, of the first part, and Albert Stein, of the second part, *witnesseth :* That the said mayor, aldermen, and common council of the city of Mobile, for and in consideration of the covenants and agreements hereinafter contained, mentioned, and reserved, on the part of the said Albert Stein, his executors, administrators, and assigns, to be paid, kept, done, and performed, have granted, and by these presents do grant, unto the said Albert Stein, his heirs, executors, administrators, or assigns, the sole privilege of supplying the city of Mobile with water from the Three-mile Creek, for twenty years from the date of this agreement, as well as all the advantages and benefits which accrue to the said mayor, aldermen, and common council, from, by, or under an act of the Legislature of Alabama, entitled ' An act to incorporate an aqueduct company in the city of Mobile,' passed December 20, 1820, and all ordinances and resolutions passed by the said mayor, aldermen, and common council, or by the mayor and aldermen of the city of Mobile, under and by virtue of the said act, or by the act of incorporation of the said city of Mobile, and the several acts amendatory thereto, which in any way or manner relate to the said city waterworks, or the right to supply said city with water, as well as all the benefits and advantages which accrue to the said mayor, aldermen, and common council, or to the mayor and aldermen of the city of Mobile, from, by, or under an act of the Legislature of the State of Alabama, entitled ' An act to incorporate the Mobile Aqueduct Company,' passed December 25, 1837 ; to have and to hold the above mentioned and described privileges, together with all and singular the appurtenances unto the same belonging, or in anywise appertaining, unto the said Albert Stein, his executors, administrators, and assigns, from the date hereof, for, during, and until the full end and term of twenty years thence next ensuing. And the said mayor, aldermen, and common council of the city of Mobile, for themselves and their

successors in office, hereby further covenant and agree that they will, at the expiration of the said term of twenty years (he, the said Albert Stein, his executors, administrators, and assigns, delivering up the said waterworks and appurtenances in good order and condition), pay to him, his executors, administrators, or assigns, their actual value, as determined by six arbitrators, three to be chosen by the mayor, aldermen, and common council of the city of Mobile, and three by the said Albert Stein, his executors, administrators, or assigns; *Provided*, that the said arbitrators shall not be members of the corporation of the city of Mobile. If they agree, and so report in writing, their award shall be binding on the respective parties; but in case of disagreement, the value of the works shall be left to the watering committee of the city of Philadelphia, or such committee of said city of Philadelphia, by whatever name, as may be charged with the waterworks of said city, whose decision and award in writing, reported to the mayor, aldermen, and common council of the city of Mobile, shall be binding and conclusive. The amount so agreed upon shall be paid on the same day on which the said award shall be reported; and the waterworks, and all appurtenances thereunto belonging, shall be delivered over to the corporation of the city of Mobile, by the said Albert Stein, his executors, administrators, or assigns. And the said parties of the first part hereby covenant and agree with the said party of the second part, his executors, administrators, and assigns, that he, his executors, administrators, and assigns, shall have quiet possession of the said works, during their erection and after they shall have been completed, for the said term of twenty years, and for any further time, until the said parties of the first part, or their successors in office, shall redeem said works from the said party of the second part, his executors, heirs, administrators, or assigns, according to the aforesaid stipulation; and further, that they shall, as soon as possible, obtain from the Legislature of the State of Alabama an act sanctioning this agreement and the stipulations thereof as herein contained, with such other provisions as may be inserted by consent of the said parties. And the said mayor, aldermen, and common council of the city of Mobile, for themselves and their successors in office, hereby covenant and agree (he, the said Albert Stein, his executors, administrators, and assigns, well and truly complying with all and singular the within stipulations and agreements on his part to be done, performed, and complied with), that he, and his executors, administrators, and assigns, shall and may retain quiet possession of the said waterworks for the said term of twenty years, without let, molestation, or hindrance of the said mayor, aldermen, and common

council, or their successors in office, or any person or persons claiming by, through, or under them; and that the said Albert Stein, his executors, administrators, and assigns, shall, during the said term of twenty years, or any further time, until said works are redeemed as above stipulated, have the exclusive privilege of supplying to the citizens and inhabitants of the city of Mobile water from the waterworks aforesaid, at the sum or price which shall at no time exceed the following rates, to be paid by the person or persons receiving the water, and payable in advance, to wit;" specifying the rates; "and further, that the said Albert Stein, his executors, administrators, and assigns, shall have the power to collect and receive, from each and every person or persons who shall take and receive water from the waterworks aforesaid, the foregoing rates or prices *per annum;* and further, shall have power and authority to conduct the water from any part of Three-Mile Creek, so called, so that the same may be good and wholesome; he, the said Albert Stein, his executors, administrators, or assigns, procuring at his or their cost the necessary ground for the reservoir, engine, and pump-house, and that through which the pipes shall pass.

"And the said Albert Stein, for himself, his executors, administrators, and assigns, doth hereby covenant and agree, to and with the said party of the first part, and their successors in office, that he will introduce water into the city of Mobile within the space of two years from the date hereof, so that the said city of Mobile, and the inhabitants thereof, may at all times be supplied with such a quantity of water as may be procured through the said pipes as far as they are laid; and further, the said Albert Stein covenants and agrees, as aforesaid, to surrender up the said waterworks, and all the appurtenances thereto, to the said mayor, aldermen, and common council, or their successors in office, at the expiration of the said term of twenty years from the date hereof; they, the said mayor, aldermen, and common council, or their successors in office, paying the said Albert Stein the value of the works, determined as before mentioned. And further, the said Albert Stein covenants and agrees, at all times during the said term of twenty years, to suffer and permit the said mayor, aldermen, and common council of the city of Mobile, and their successors in office, to use two fire-plugs, and no more, at all times, within said city where the pipes are laid down, as often as may be necessary for washing the gutters of the street, and in case of conflagration, or fire of buildings, as much water as may be necessary, from any and all parts of the works. And further, the said Albert Stein, for himself, his executors, administrators, and assigns, doth hereby covenant and agree, to and with the said

party of the first part, that he will pay, or cause to be paid, unto the said mayor, aldermen, and common council, or their successors in office, for the pipes which they have on hand, and those laid in the ground which may be found fit for use, the same rates and prices, and on the same terms, as pipes of the same size and quality may be procured at, to be delivered in Mobile, when he, the said Albert Stein, may take into possession and use the said pipes now belonging to the said mayor, aldermen, and common council. And further, it is understood between the contracting parties hereto, that, as soon as the water is procured under this agreement, the present waterworks shall be abandoned and totally discontinued. And further, the said Albert Stein doth hereby covenant and agree to place and so arrange the fire-plugs, that there shall be four fire-plugs to each square of ground where the pipes are laid.

"It is further stipulated, understood, and agreed, that the party of the second part, his executors, administrators, or assigns, will grant to the corporation the use of the water for the city hospital and guard-house, free of charge. It is further agreed and understood between the parties hereto, that, if the party of the second part does not introduce the water into the city within two years from the date of this contract, he will forfeit not only the privilege and advantages of this contract, but also all improvements and expenses that he may have incurred; the same to come to the use and benefit of the city. It is further understood and agreed between the parties hereto, that the party of the second part hereby covenants and binds himself, his heirs, executors, administrators, and assigns, in the penal sum of ten thousand dollars, that he will commence the aforesaid waterworks within one month after obtaining the consent of the legislature of the State of Alabama to the stipulations, agreements, and transfers herein made and contained, and that he will prosecute said work to completion with due speed and diligence.

(Signed)    " EDWARD HALL, Mayor.
       " ALBERT STEIN, per
         " LEWIS TROOST."

On the agreed facts, the court rendered judgment for the defendants, and said judgment is now assigned as error.

R. & O. J. SEMMES, for appellant.

PETERS, C. J. — There is no controversy about the facts in this cause. They were fixed by agreement of the parties in the court below. From the statement of these facts, as shown by the record, it appears that the city of Mobile, in a proper manner, entered into a contract with the appellant, Albert

[Stein v. Mayor, etc., of Mobile.]

Stein, to furnish said city with water. Said contract was so entered into on the 26th day of December, 1840; and the rights arising under it were to continue for twenty years at least, and thereafter until said city redeemed certain water-works conveyed to Stein, which had been formerly used or erected by said city, for the purpose of securing a supply of water for its inhabitants. By this contract, the city of Mobile agreed with Stein, upon his performance and compliance on his part with the stipulations and agreements in said contract, that he " shall and may retain quiet possession of said water-works for said term of twenty years, without let, molestation, or hindrance " of said city; " and said Albert Stein, his exec-utors, administrators, and assigns, shall, during the said term of twenty years, or any further time until said works are re-deemed as above stipulated, have the *exclusive privilege* of sup-plying to the citizens and inhabitants of the city of Mobile, water from the waterworks aforesaid, at the sum or price, which shall at no time exceed the following rates." Under this contract, which is but partly set out above, said Stein went into possession of said waterworks and supplied the inhabitants of said city of Mobile with water, as he was required to do by its stipulations, up to the date of the mayor's license. There is no pretence that he has failed to perform and comply with said stipulations; or that said contract has yet expired; or that any of the duties under it have ceased to be required of him. In this contract, the city of Mobile, in its corporate and personal capacity, is the contracting party on one side, and Stein on the other. The business to be performed or carried on is within the limits of the city. The authority of the city does not extend beyond these limits. It is a grant to Stein, by the city, for this purpose; that is, a grant to him to carry on the business of his waterworks in the city, under his con-tract. " A contract executed, as well as one which is execu-tory, contains obligations binding on the parties. A grant, in its own nature, amounts to an extinguishment of the right of the grantor, and implies a contract not to reassert that right. A party is, therefore, always estopped by his own grant." MARSHALL, C. J., in *Fletcher* v. *Peck*, 6 Cr. 87, 137. The city of Mobile, by its ordinance or by-law, proposes to restrict the privilege thus granted, to do business in its limits under the contract above referred to, unless Stein shall purchase a license, by a fine or tax, which is arbitrarily imposed by the city government. Can this be done? This is the sole ques-tion in this case.

Evidently, the power of the city as a corporation, over its contracts, is no more than that of the citizen in a like case. A corporation cannot revoke a grant once made, and it cannot ob-

[Walker v. State.]

struct the full enjoyment of the privileges secured by it. The power to supply the inhabitants of the city with water necessarily implies the right to carry on this business in the city. If this right could be interfered with at all, as there is no limit to the interference, it may be defeated altogether. The contract shows that this was not the purpose of the parties. The city government is a creature of the state legislature. Its powers, then, are restrained by all the constitutional limits of the General Assembly of the State. It cannot pass by-laws, or ordinances which impair the obligation of contracts. Ang. & Ames on Corp. §§ 18, 332, 333, 334, 335; Cooley's Const. Lim. pp. 192, 193, 198. It cannot, then, revoke its grant. This would be to impair its contract. 6 Cranch, 137, *supra.* The ordinance which assails the privilege already granted impairs the contract on which it depends, and is void; and the tax levied under its authority, by way of license, cannot be supported.

The ordinance complained of is not merely a police regulation. The police power of the city refers rather to the regulation of its morals than its property. Blackstone's definition of this power is: " The due regulation and domestic order of the kingdom, whereby the inhabitants of the state, like members of a well-governed family, are bound to conform their general behavior to the rules of propriety, good neighborhood, and good manners, and to be decent, industrious, and inoffensive in their respective stations." 4 Bla. Com. 162; also Cooley's Const. Lim. pp. 572, *et seq.* and cases cited in the notes. This is no regulation of this sort. It is simply a tax in restraint of a privilege already granted by the city to the grantee, Stein. The privilege or right to carry on the business of the Mobile Waterworks in the city, having been once granted, cannot be reasserted. The ordinance which attempts this impairs the grant, and is void. See *Mayor, Aldermen, and Commonalty of the City of New York* v. *Second Avenue Railroad Co.* 32 New York R. p. 261; also Cooley, p. 201, *n* 4.

The judgment of the court below is reversed, and the cause is remanded at appellee's costs.