# The State *v.* Anniston Rolling Mills.

*Action against a Corporation to recover License.*

1. *Taxation; corporate license for doing business; what necessary to compel payment.*—The real test of whether or not a corporation should pay a license tax imposed by statute for doing business as a corporation is, whether the corporation exercised any of the functions, powers or franchises which it was created to perform, or was engaged in the transaction of the business or any part thereof, which it was organized to transact.

2. *Same; same; same.*—A rolling mill company, which is organized for the purpose of manufacturing and dealing in iron and iron products, is not "doing business as a corporation," within the meaning of the statute levying a license tax therefor, when it leases its plant and the only corporate acts done by it during the year is the collection of the rent, the payment of taxes, the lending of some of its money and collecting the interest thereon, and the meeting of its board of directors, and the doing of such other things as are incident to the preservation of its property; none of such acts being the exercise of the functions, powers or franchises which the corporation was created to perform, and none of the acts being the transaction of the business which it was organized to transact.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This action was brought by the State of Alabama against the Anniston Rolling Mills to recover a forty

dollar license due from the defendant for the doing of business in the State after February 18, 1897.

On the trial of the case, the evidence showed the following facts: The Anniston Rolling Mills was a corporation organized under the laws of Alabama prior to the year 1897, with a paid up capital stock exceeding $50,000 and less than $100,000; that said Rolling Mills was organized as the name indicates, to manufacture and deal in iron and iron products; the purpose of the organization, as set forth in the declaration, being copied in the opinion. The plant of the Rolling Mills was erected in Calhoun county in 1891 or 1892, but the corporation did not, at any time, itself operate the Rolling Mills. In 1895, the Anniston Rolling Mills made a lease of its mills to the Anniston Iron & Steel Company. In 1897, its lease was still operative and rents were collected from the Anniston Iron & Steel Company by the Anniston Rolling Mills, for the months of January, February, March and April, 1897, for the use of said plant under said lease. The defendant insured its plant for the year 1897, against loss or damage by fire; had assessed its property for taxes, employed attorneys to represent it before the court of county commissioners of Calhoun county in securing a reduction of its taxes, and paid the taxes. During the year 1897, it had a board of directors of five members, all of whom but one resided in Anniston; had a president, secretary and treasurer, and the books of the company were regularly kept by the secretary. The defendant kept an account in bank and had one thousand dollars loaned out at interest and collected the interest during the year 1897. At one meeting they elected a secretary and treasurer; at two other meetings they discussed the conditions of affairs existing between it and the Anniston Iron & Steel Company; and at another meeting they authorized the payment of a fee to its attorneys for representing them in the tax case before the commissioners court, and authorized the service of notice upon the Anniston Iron & Steel Company of the cancellation of the lease.

It was admitted that the defendant had failed to take out a license. The cause was tried by the city court

without the intervention of a jury, and upon the hearing of all the evidence the court rendered judgment for the defendant, to the rendition of which judgment the plaintiff duly excepted. The plaintiff appeals, and assigns as error the rendition of judgment for the defendant.

W. P. ACKER, for appellant, cited, Code, § 4122, subd. 55; *Home Ins. Co. v. New York,* 134 U. S. 594; *In re Ala. &c. R. R. Co.,* 9 Blatch. (U. S.) 397; *People v. Horn Silver Mining Co.,* 105 N. Y. 76; *Beard v. U. & A. Pub. Co.,* 71 Ala. 60.

BLACKWELL & KEITH, *contra,* cited, *Beard v. U. & A. Pub. Co.,* 71 Ala. 60; *Sullivan v. Sullivan Timber Co.,* 103 Ala. 371.

DOWDELL, J.—This is an action by the State to recover a license tax from the appellee, Anniston Rolling Mills, for "doing business as a corporation," during the year 1897. The suit was commenced in the justice court, and from the judgment of the justice the State appealed to the city court where the cause was tried without the intervention of a jury, and from the judgment of the city court, the State prosecutes its appeal to this court.

The sole question presented here is, does the record show that the appellee was "doing business" within the meaning of the revenue law during said year. The tax imposed by the statute is a license tax for "doing business as a corporation," and not for the mere privilege of existing as a corporation. The real test is, is the corporation engaged in the transaction of business, or any part of the business, for which it was organized or created.—*Beard v. U. & A. Pub. Co.,* 71 Ala. 60; *Sullivan v. Sullivan Timber Co.,* 103 Ala. 371.

The record shows that the appellee corporation was organized for the purpose of "buying, manufacturing and sale of iron, and of articles of merchandise or manufacture in which iron is used, and the buying and selling of such manufactured articles." The record does not show that the appellee was engaged in the transaction or doing of such business or any part thereof during the

[Slosson *et al.* v. McNulty *et al.*]

year 1897. Not one of the several acts of the corporation done by it during the year 1897, as shown by the record, constituted a doing of the business or any part of the business for which it was created, and were mere incidents for the preservation of its property. We think the two cases of Beard and Sullivan above cited are conclusive of this case.

The judgment of the city court is affirmed.