# Mayor and Aldermen of Birmingham v. Birmingham Water Works Co.

### *Action against City to recover License Tax.*

1. *Municipal corporations; right to limit by contract amount of license tax.*—The provisions in a contract between a municipal corporation and a water company, by which the municipality agrees to limit the amount of license tax to be exacted of the water company during the term of the contract, if made without legislative authority, is *ultra vires*, void and unenforceable.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHAS. A. SENN.

This was an action brought by the appellee, the Birmingham Water Works Company, against the mayor and aldermen of Birmingham, to recover five hundred dollars paid under protest by the plaintiff as a license tax. The facts of the case are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury upon an agreed statement of facts, and the court rendered judgment in favor of the plaintiff. From this judgment the defendant appeals, and assigns the rendition thereof as error.

ED. D. SMITH, for appellant.—The contract between the appellant and appellee is so far as there was an attempt on the part of appellant to barter to the appellee its governmental powers by limiting the amount of license tax to be exacted of appellee during the life of the contract, was without legislative authority, *ultra vires* and void.—*Sav. & Loan Asso. v. Topeka,* 87 U. S. 22; *Bills v. Goshen,* 3 L. R. A. 264; *Stein v. Mayor,* 49 Ala. 362; *Los Angeles v. City Water Co.,* 177 U. S. 558; *Street R. Co. v. Detroit R. Co.,* 171 U. S. 48; *Bir. &c., S. R. Co. v. Railway Co.,* 79 Ala. 465; *Swann v. State,* 77 Ala. 545; *Brewer Brick Co. v. Brewer,* 62 Me. 62;

*Austin v. Gas Light Co.,* 69 Texas 187; *Altgert v. City of Antonia,* 13 L. R. A. 383.

LONDON & LONDON, *contra.*—Contracts for a supply of water do not involve governmental or legislative powers, but are within the business or proprietary powers of the municipality.—20 Am. & Eng. Encyc. Law (2d ed.) 1159; 1 Dillon on Corp. § 27; *Illinois Trust Co. v. Arkansas,* 88 Fed. Rep. 720, 730; s. c. 177 U. S. 558, 577; *Stein v. Mayor of Mobile,* 49 Ala. 362; *Mayor v. Stein,* 54 Ala. 23, 29; *Port v. L. & N. R. R.,* 84 Ala. 115, 121; *Los Angeles v. Los Angeles Water Co.,* 61 Cal. 65.

The franchise granted to the appellee is a contract which cannot be repaired or repealed during its life. *Bir. &c. R. Co. v. Bir. &c. R. R. Co.,* 79 Ala. 465; *Walla Walla v. Walla Walla Water Co.,* 172 U. S. 1; *Detroit v. Detroit Citizens Ry.,* 184 U. S. 368.

DOWDELL, J.—This appeal is taken from the judgment of the city court rendered on an agreed statement of facts, which is set out in the bill of exceptions. The appellee sued the appellant to recover back $500 which it had paid the appellant, under protest, as a license tax—the license tax imposed being $1,000—the half of which the appellee admitted the appellant had the right to impose and collect, and which it paid without protest; but the other half the appellee contended appellant had no right to exact under the terms of the contract into which it had entered with appellee, and was paid under protest. The contract entered into was with reference to the supply of water for the city of Birmingham and its inhabitants. By the agreed statement of facts it is admitted: (1). The city had power to contract for a supply of water. (2). That it did make the contract of June 2, 1888, which is set out in the record, and upon the faith of which appellee expended a large amount of money in the construction of the water works system. (3). That the license tax at the time the contract was made was $500 per annum, and so remained from the date of the contract until the year 1900,

when the appellant raised the license tax to $1,000.

The only question presented is whether section 22 of the contract, which is set out in full as a part of the agreed statement of facts, is valid. Section 22 of the contract reads as follows: "Be it further ordained, that the license tax against said Birmingham Waterworks Company, its successors and assigns, shall not exceed the present license tax during the existence of the contract above named." By section 14 of the contract, the term of the contract was for thirty years. The power of the city to license trades, occupations, etc., is conceded, and no question is made on the reasonableness of the license attempted to be imposed.

It seems to be a well-established proposition of the law that the levying of a license tax is a legislative or governmental power. In the case of *Savings & Loan Association v. Topeka,* 20 Wall. 655, 22 L. Ed. 461, it is said: "The power to tax is, therefore, the strongest, most prevailing, of all the powers of government, reaching directly or indirectly to all classes of people." In the case of *Bills v. Goshen,* 117 Ind. 221, 20 N. E. 115, 3 L. R. A. 264, it was decided that an ordinance delegating to the mayor the right to fix the amount of a license fee was void, as a delegation of legislative power. See notes on page 721, 20 L. R. A., showing that the power to fix a license fee is generally regarded as a legislative power, which cannot be delegated. It is not denied, as a general proposition, that it is in the power of a municipality to contract for a supply of water, since such a right comes within the business or proprietary powers of the corporation, and is not to be classed as a legislative or governmental powers. But it does not follow from this that, in the exercise of such a power in the making of a contract for a supply of water, the corporation can by any provision or terms in such a contract delegate or barter away a governmental power, when not authorized so to do by the legislature either in its charter or other statutory enactment. There can be no difference in principle between delegating a governmental power, and bartering or contracting away such power. Nor is there any distinction in prin-

ciple between a agreement not to levy a tax for a term of years, and one which stipulates an annual license tax already levied shall not be increased for a term of years. It is not pretended that the city of Birmingham, by its charter or other statutory enactment, was expressly authorized to enter into the agreement contained in section 22 of the contract set out above; and, unless the power so exercised is one that can be necessarily and reasonably implied, the agreement not to increase the annual license tax for a term of thirty years was *ultra vires* the corporation, and consequently void. The settled rule of construction of a grant of power by the State to a corporation calls for a strict construction, and in favor of the State and against the corporation. Such power cannot be implied from the mere fact of its being within the business or proprietary power of the municipality to contract for a supply of water. It is not to be presumed that it was necessary for the city to barter or contract away its taxing power in order to provide for a supply of water, and the implication of such a power must be a necessary one. Our attention has not been directed to any provision of the charter or to any legislative enactment out of which any such implied power could arise. The case of *Stein v. Mayor of Mobile,* 49 Ala. 362, 20 Am. Rep. 283, is relied on in support of appellee's contention. In that case the contract was expressly ratified by an act of the legislature, and we suppose that was the reason the court did not consider, but assumed the contract was valid, and that the city council had the right to stipulate for exemption. The contract, however, was not open to such construction A careful reading of the contract in that case leads us to the conclusion that the words, "without let, molestation, or hindrance," had no reference to taxation or license. Other cases cited by counsel may be distinguished from the one under consideration, either in that the exercise of a governmental power was not involved, or, where such was the case, the subsequent ratification of its exercise by the legislature.

Our conclusion is that section 22 of the contract is void, and the court below erred in the judgment rendered and one here rendered in favor of the appellant.

Reversed and remanded.

SHARPE, J., not sitting.