(109 So. 104)

## BESSEMER LAUNDRY CO. v. CITY OF BESSEMER. (6 Div. 611.)

(Supreme Court of Alabama. May 27, 1926. Rehearing Denied June 30, 1926.)

**1. Municipal corporations ⬅➡967(2).**

Authority of city, under Loc. Acts 1900, p. 482, § 39, to tax particular property, confers no express, implied, or inherent authority to exempt any such property.

**2. Municipal corporations ⬅➡967(2).**

Municipality cannot grant exemption of any property or any class of property from taxation without express authority from Legislature.

**3. Municipal corporations ⬅➡967(2).**

In absence of authority of Legislature to exempt property from taxation, city ordinance exempting new industries *held* not to include property used for laundry purposes, in view of Code 1907, § 2062.

Appeal from Circuit Court, Jefferson County, Bessemer Division; W. S. Welch, Judge.

Proceeding by the City of Bessemer to enforce a tax lien on property of the Bessemer Laundry Company. From the decree, defendant appeals. Affirmed.

Mathews & Mathews, of Bessemer, for appellant.

Appellee has full power as to taxes and exemption therefrom. Local laws Jefferson County (1904 Ed.) pp. 49, 79; 1 Dillon on Mun. Corp. § 359; People v. Sawyer, 106 Mich. 428, 64 N. W. 333; Chicago, etc., Co. v. Tranbarger, 238 U. S. 67, 35 S. Ct. 678, 59 L. Ed. 1204; State v. Pitney, 79 Wash. 608, 140 P. 918, Ann. Cas. 1916A, 209.

Bumgardner & Wilson, of Bessemer, for appellee.

A municipality has no power to release or exempt any person or corporation from lawful taxes, without legislative authority so to do. Birmingham v. Birmingham Water Co., 139 Ala. 531, 36 So. 614, 101 Am. St. Rep. 49; 26 R. C. L. 297; Mayor, etc., v. Stonewall Ins. Co., 53 Ala. 570; Code 1923, § 2149; Const. 1901, § 217. Appellant is not within the terms of the ordinance, even if same were valid. Commonwealth v. Keystone Laundry Co., 203 Pa. 289, 52 A. 326; 26 R. C. L. 313.

MILLER, J. This is a proceeding in equity by the city of Bessemer against the Bessemer Laundry Company, a corporation, to enforce its lien on the property of defendant for taxes thereon due it for the years 1921, 1922, and 1923, with interest, under sections 1319 and 1320, Code of 1907, now sections 2134 and 2135, Code of 1923. The defendant set up that it was exempt from the payment of the taxes sought to be collected under an ordinance duly adopted by the city council of the city of Bessemer.

This cause was submitted to the court under an agreed statement of facts. A decree was rendered granting the city of Bessemer relief; that it had a lien for the taxes, with interest, claimed on the property of the defendant mentioned therein, and directed it to be sold for the payment thereof, if the taxes were not paid by the defendant within 30 days after rendering the decree. This appeal is prosecuted by the Bessemer Laundry from that decree, and it is the error assigned.

This laundry business was established in Bessemer by defendant in 1920, and during the years mentioned the defendant owned lots 7 and 8 in block 223, located in the city of Bessemer, on which was erected a building and laundry plant. It was used as a laundry during that time. This was all the property owned by defendant in the city during that time, and the taxes claimed were duly assessed and properly due on this real estate by defendant, unless this real estate was exempt from taxation by the city under an ordinance duly and regularly adopted by the city council of Bessemer on August 19, 1909; the pertinent parts of which read as follows:

"An ordinance entitled an ordinance for the promotion of industries in the city of Bessemer, Alabama.

"Be it ordained by the city council of Bessemer, Alabama, at a special meeting on August 19, 1909, feeling it a duty to encourage in every possible manner development of this section of the mineral district of Alabama, do hereby agree to exempt from taxation and license all new industries located in the city of Bessemer for a period of at least ten years."

The agreed statement of facts shows:

"That the city of Bessemer, under and by virtue of its authority, levied municipal taxes against all real property within the city of Bessemer, and that the taxes levied against lots 7 and 8 in block 223, upon which the building and laundry plant of defendant is located, which is all the property defendant owns, as same appear and are shown on the map or plat of the city of Bessemer, Jefferson county, Ala., was as follows: The amount of taxes upon said property for the year 1921, $144.30; for the year 1922, $111.40; and for the year 1923, $99.68—that the amount set out above for each year is the amount due according to the city records, together with interest from date of [at] 8 per cent. per annum, on the property hereinabove described, which hereinabove de-

scribed property is the property of the Bessemer Laundry Company."

The charter of the city of Bessemer approved December 13, 1900, in Local Acts 1900, p. 482, contains in section 39 thereof the following authority as to what property shall be taxed by the municipality:

"That the board of mayor and aldermen shall have power to assess, levy and collect an annual tax upon all real, personal or mixed property situated, held or owned within said city, and upon all other subjects of taxation under the general laws of the state, such assessment to be made upon the basis and in accordance with the provisions of the state Constitution; * * * and the said board shall provide by ordinance a law for the assessment, levy and collection of taxes in any manner not inconsistent with the Constitution and laws of the state."

[1, 2] This general authority to the municipality to assess and levy a tax on this property within its jurisdiction confers no express, implied, or inherent authority thereby to exempt any of such property or any particular class of this property from taxation. Without express authority from the Legislature, a municipality cannot grant an exemption of any property or any class of property from taxation. If such an ordinance is passed by the municipality granting such exemption, it is void, if made without express legislative authority. B'ham v. B'ham Water Works Co., 139 Ala. 531, 36 So. 614, 101 Am. St. Rep. 49; 26 R. C. L. 298, § 262, headnote 13.

[3] We find and are cited to no express authority conferred on this municipality in its charter by the Legislature to exempt any property or any class of property from taxation within its jurisdiction. This ordinance in question was adopted on August 19, 1909; so we must look to the general statutes of the state at that time for authority for municipalities generally to exempt property from taxation, and see if it includes the laundry business, conceding, without deciding, that such business may be classed, under the ordinance, in the word "industry" as used therein. Section 2062 of the Code of 1907 states and declares what property may be released and exempted from taxation by the authorities of any city or town; and laundries and property used for laundry purposes are not included therein. So we hold this city could not exempt this laundry and the lots in question on which it is located from taxation, because it had no authority to do so from the Legislature, if it intended to do so by this ordinance.

It results that the decree of the court is free from error, and is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.