**CITY OF ANNISTON v. ANNISTON OF-
FICE BLDG. CO. et al.**

**7 Div. 186.**

Supreme Court of Alabama.
June 22, 1933.

Merrill, Jones, Whiteside & Allen, of An-
niston, for appellees.

Jas. F. Matthews, of Anniston, for appel-
lant.

KNIGHT, Justice.

Bill by the city of Anniston, a municipal corporation, to declare and enforce a lien for unpaid taxes due the city for the years 1927, 1928, and 1929, on certain real estate located in that city.

The case is in this court on appeal from an interlocutory decree sustaining demurrers filed by W. C. Wilson, the present owner of the property, to the bill, and the correctness of the decree in respect to this ruling on demurrer of appellee Wilson is the sole question for determination.

It is made to appear from the bill that the Anniston Office Building Company was organized as a corporation, under the general laws of Alabama (See Code 1923, § 6964 et seq.) in 1926, "for the purpose of acquiring, holding, dealing in and improving real estate"; that it owned certain lots in the city of Anniston, and that upon this property the corporation erected an office building; that against this property the city assessed taxes for the years 1927, 1928, and 1929 for municipal purposes; that these taxes, in a large part, remain unpaid.

It also appears from the averments of the bill that on the 18th day of February, 1926, a resolution was adopted by the city council of the city of Anniston whereby it was attempted to exempt the said property of the Anniston Office Building Company from taxation by the city of Anniston for the years 1927, 1928, and 1929, upon the theory that the erection of an office building "was a pioneer movement, being the first of its character to be undertaken in the city." A copy of the resolution, as adopted by the city council, is made an exhibit to the bill.

The bill charges that the "resolution aforesaid and the attempt to exempt said Anniston Office Building Company from taxation, for said years, were unauthorized and illegal, and that said council had no right or power under the laws of Alabama to grant such exemption."

In the seventh paragraph of the bill, as amended, it is averred: "That since its organization in 1926 said Anniston Office Building Company has at no time been engaged in any manufacturing or other business for which under the laws of Alabama complainant was authorized to grant any exemption from municipal taxation, and that at all times said company was engaged merely and exclusively in the business of leasing offices and storerooms to divers and sundry tenants in the City of Anniston such as lawyers, doctors, dentists, druggists, barbers, loan companies and manufacturing corporations, at fixed rentals and for fixed terms of tenure."

The resolution adopted by the city council of Anniston is as follows:

"Be it resolved that, whereas the Anniston Office Building Company is planning to erect on Lots 1, 2 and the north half of three, in Block 131, in Anniston, an office and arcade building which building is estimated to cost approximately $350,000.00.

"And whereas, said building is the first of its kind to be erected in Anniston, and being financed by subscription from a large number of Anniston citizens, and whereas, the probabilities are that said building for the first few years will produce no net return to the investors,

"Therefore, be it resolved that said property shall be exempt from city taxes for the taxable years 1927, 1928 and 1929 inclusive.

"Be it further resolved that said exemption is granted solely on the theory that the undertaking is a pioneer movement, being the first of its character to be undertaken in the city, and said exemption is granted without intending to set a precedent or in any way indicating that exemptions will be granted to any other building that may be erected in the future.

"This the 18th day of February, 1926."

■ The demurrer was addressed to the bill as a whole, and if it contained equity in any aspect, the demurrer should have been overruled. Oden v. King, 216 Ala. 597, 114 So. 1; Wood v. Estes, 224 Ala. 140, 139 So. 331.

■ It is not controverted that a bill in equity will lie to enforce a lien for taxes due a municipality. Code, § 8935; McLendon v. Truckee Land Co., 216 Ala. 586, 114 So. 3; Russell v. Thornton, 216 Ala. 60, 112 So. 347; Bessemer Laundry Co. v. City of Bessemer, 215 Ala. 63, 109 So. 104.

The averments of the bill as amended make out a case for equitable interposition, unless the property was relieved from payment of municipal taxes by the ordinance set out in the bill, or by the subsequent enactments of the Legislature, attempting to ratify and validate the exemption granted.

■ It may be stated broadly that, without legislative authorization, the municipality was without right to release the Anniston Office Building Company, or its successor in title, from the payment of taxes. Code, § 2149; Bessemer Laundry Co. v. City of Bessemer, supra.

In the last-cited case it is expressly held that, without express authority from the Legislature, a municipality cannot grant an exemption of any property or any class of property from taxation. If such an ordinance is passed by the municipality granting such exemption, it is void, being made without express legislative authority. Birmingham v. Birmingham Water Works Co., 139 Ala. 531, 36 So. 614, 101 Am. St. Rep. 49; 36 R. C. L. 298, § 262, headnote 13.

As originally passed, the ordinance in question exempting the said property of the Anniston Office Building Company from municipal taxes finds no support or authorization under section 3023 of the Code. It will be noted that it is expressly stated in the ordinance, which undertook to grant the exemption in question, "that said exemption is granted solely on the theory that the undertaking is a *pioneer movement*, being the first of its character to be undertaken in the city, and said exemption is granted without intending to set a precedent, or in any way indicating that exemptions *will be granted* to any other building *that may be erected in the future*." (Italics supplied.)

It will thus be seen that the exemption was granted simply because the undertaking was a *pioneer movement*. It abundantly appears that the city council did not grant the exemption because of the fact that the property attempted to be exempted fell within the class designated by section 3023. In granting the exemption, the council was neither acting within the scope of the authority conferred by section 3023 nor within the apparent scope of the same.

The appellee insists that the attempt on the part of the city council to exempt this property from taxes for the years 1927, 1928, and 1929 was done under the apparent authority of sections 3023, 3024, and 3025 of the Code, and was validated by the act of the Legislature of 1927, approved February 18, 1927 (Gen. Acts 1927, p. 55), and later validated by the Legislature of Alabama by an act approved April 17, 1933.

If it should be conceded, which it is not, that section 4 of the act, entitled an act "To authorize counties and municipalities to remit certain taxes for the purpose of encouraging the building, extending and operating of factories for the spinning of thread and yarns, and the knitting and weaving of cloth and other fabrics of cotton and wool in this State, and plants for the purpose of building ships and factories for the manufacture of bags, wood-pulp products, wooden cabinets and farm implements, or any other manufactured products," was germane and sufficiently covered by the title of the act, as not to offend section 45 of the Constitution, it would avail the appellee nothing. Confessedly, as heretofore pointed out, the granting of the exemption from taxation of the office building in question could not be said to come under the apparent authority of sections 3023, 3024, and 3025 of the Code. Section 4 of the above referred to act only purports to validate exemptions granted under the apparent authority of the above quoted sections of the Code.

The term "apparent authority" means authority which seems to exist, and, as employed in said section 4, the term means under authority which said sections 3023, 3024, and 3025 would seem to confer upon the county or municipality. 3 Corpus Juris, 253; Johnson v. State, 5 Tex. App. 423, 433.

We are at the conclusion that appellee cannot successfully invoke, for the above reason, the curative effect of the act of 1927, even if it be conceded that section 4 is not offensive to section 45 of the Constitution.

It is next insisted that, if for any reason the act of 1927, above mentioned, did not, on account of constitutional defects, validate the ordinance in question granting the exemption, the ordinance and the exemption were validated by the act of the Legislature, approved April 17, 1933, which reads: "Section 1. That all exemptions from taxation granted to any new industry or enterprise, whether the same be strictly and technically a manufacturing plant or a plant or factory for the manufacture of manfactured products or not, attempted to be granted by any county or municipality since the 17th day of August, 1924, under the apparent authority of sections 3023, 3024 and 3025 of the Code of Alabama of 1923, are hereby validated and made effective as of the date of the granting of such exemptions."

This further attempt to validate grants of tax exemptions cannot defeat the complainant's right to enforce the payment of taxes due the city on said property, for the reason that it does not appear that, in granting the exemption, the city council was acting under any *apparent authority* of section 3023 of the Code; in fact, it could not have so acted, for the all-sufficient reason that the erection of an office building, as contemplated by the resolution of the council, was not within the purview of section 3023, authorizing exemption from taxation in the cases designated.

We are at the conclusion that the court erred in sustaining the demurrer of the respondent Wilson, and, for that error, the decree appealed from must be reversed, and a decree here rendered overruling the demurrer.

Having reached this conclusion, it is unnecessary to determine whether or not it was within legislative competence to validate the grant of tax exemption to the said Anniston Office Building Company, in view of the very clear limitation upon the power of the Legislature contained in section 100 of the Constitution. Of course, the Legislature may ratify things which could have been done

in the first instance under legislative sanction, by a subsequent act, but there is a limitation upon that right to ratify, and that is, it cannot be done when the act of ratification would disturb vested rights. Lovejoy v. Beeson, 121 Ala. 605, 25 So. 599; 12 Corpus Juris, 1091, § 796.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.