155 So. 697

## CITY OF DOTHAN v. ALABAMA POWER CO.

4 Div. 731.

Supreme Court of Alabama.
March 1, 1934.

Rehearing Denied June 28, 1934.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

O. S. Lewis, of Dothan, for appellant.

Farmer, Merrill & Farmer, of Dothan, and Martin, Turner & McWhorter, of Birmingham, for appellee.

ANDERSON, Chief Justice.

This is a suit by the appellee for the recovery of a sum paid as a license or privilege tax to the city of Dothan upon the theory that the same was illegally exacted and collected.

It is not questioned that the ordinance, in so far as it exacted the tax as for business done within the corporate limits of the city, is authorized by statute, but it was contended, and so held in the lower court, that appellee was not liable for the tax because, under the facts, it did not do business in said city.

In the case of State v. Anniston Rolling Mills, 125 Ala. 121, 27 So. 921, 922, it was stated in dealing with a similar tax: "The tax imposed by the statute is a license tax for 'doing business as a corporation,' and not for the mere privilege of existing as a corporation. The real test is, is the corporation engaged in the transaction of business, or any part of the business, for which it was organized or created?" The appellee was no doubt organized for the purpose, among other things, of generating and disposing of electricity for lighting and manufacturing. So the question is: Did it do business in Dothan so as to fall within the influence of the ordinance? The facts show that it constantly and continuously, for the year in question, supplied and delivered to the city, within the corporate limits, electricity; that said electricity was generated outside of the city limits and therefore it must have had lines or equipment to transmit the electricity to the city's station within the city, and which said lines or equipment must, at least in part, have been within the corporate limits and so used by the appellee. We think this was doing business within the city just as if electricity was being supplied to several instead of one customer, the only difference being in degree rather than kind. Edgil v. City of Carbon Hill, 214 Ala. 532, 108 So. 355.

The cases of Weller v. City of Gadsden, 141 Ala. 642, 37 So. 682, 3 Ann. Cas. 981, and City of Greenville v. Greenville Water Works Co., 125 Ala. 625, 27 So. 764, merely held that the city, in making a contract for water, was not exercising its governmental or legislative powers, but its business or proprietary powers. Here the Alabama Power Company was exercising, in part, the powers for which it was organized. We therefore hold that the trial court erred in rendering judgment for the plaintiff for so much of the tax as was collected for doing business within the city of Dothan.

It also seems that the judgment included a small item based on business done, not

within the corporate limits, but within the police jurisdiction. This amount was only $2.06, and, if this was all involved in this suit, it might be regarded as de minimis non curat lex, but it is sufficient to say the tax in the police jurisdiction seems to be authorized by Acts 1927, p. 674. White v. City of Decatur, 225 Ala. 646, 144 So. 873, 86 A. L. R. 914. It is true said act has a proviso not to repeal or modify the limitation fixed by certain sections of the Code of 1923, section 2162 being the one bearing on this question, and the limitation there fixed being 2 per cent. of the gross income and the ordinance here required only 1 per cent. as to the business done outside of the city, but within the police jurisdiction.

The tax being authorized by law and the ordinance, the trial court erred in rendering a judgment for the plaintiff. This case being tried by the court without a jury, and upon an agreed statement of facts, the judgment of the circuit court is reversed, and one is here rendered in favor of the defendant.

Reversed and rendered.

### Upon Rehearing.

 It is earnestly urged upon rehearing that the appellee was not liable for this tax because it did not come within the influence of the statute and ordinance; that, while it may have done business within the city of Dothan, it did not do a public utility business within said city. In other words, it does not deny doing business in said city as held by the court, but claims it did not do a public utility business, merely furnished the electric power to the city, which said city, and not the appellee, became the public utility.

Whatever may be the holding in other jurisdictions, we feel that our opinion has tracked our statute and that the result is a literal compliance therewith. The statute provides: "The maximum amount of privilege or license taxes which the several municipalities within the State may annually assess and collect of persons, firms or corporations operating electric public utilities for business transacted in such municipalities, respectively, whether such companies are incorporated under the laws of this State, or of any other State, or whether incorporated at all or not, shall not exceed 2 per cent of the gross receipts of said utilities for the preceding year."

That the appellee is a corporation "operating electric public utilities" is undisputed, and that it transacted business within the

municipality is beyond question, and the statute necessarily applies, and we are unable to assent to the contention that it must have served the public generally and directly instead of the city as its sole customer in order to fall within the influence of the statute.

It is also urged that, as the city contracted with the appellee to furnish it with electricity for sale and distribution, it had no authority to impose the tax in question, and reliance is had on the case of Stein v. Mayor, etc., of Mobile, 49 Ala. 362, 20 Am. Rep. 283. It is sufficient to say that this case was explained and qualified by the case of Mayor and Aldermen of Birmingham v. Birmingham Water Works Co., 139 Ala. 531, 36 So. 614, 101 Am. St. Rep. 49. Here, there was no contract relinquishing the city's right to tax the appellee. Moreover, it is well settled that such an agreement would be invalid in the absence of express statutory authority to do so. Mayor and Aldermen of Birmingham v. Birmingham Water Works Co., supra; Puget Sound Power & Light Co. v. City of Seattle, 54 S. Ct. 542, 78 L. Ed. 1025, and many cases there cited.

Rehearing denied.

THOMAS, BROWN, and KNIGHT, JJ., concur.