163 So. 329

### HAMILTON et al. v. PULLMAN CAR & MFG. CORPORATION OF ALABAMA.
### 6 Div. 681.

Supreme Court of Alabama.

June 20, 1935.

Rehearing Denied Oct. 10, 1935.

Cabaniss & Johnston and K. E. Cooper, all of Birmingham, for appellee.

THOMAS, Justice.

The complaint sought recovery of certain school taxes alleged to have been illegally collected and paid under protest. Sections 3023–3025, Code.

The suit is in the nature of a rehearing by defendants. The fact of exemption by statute from taxation of an industrial plant —as plaintiff—was considered and established in Pullman Car & Mfg. Corporation of Alabama v. Hamilton et al., 229 Ala. 184, 155 So. 616. It was there declared

that the special school tax amendment to the Constitution providing for county and school district taxes authorized taxes to be laid and collected on each $100 worth of taxable property; that is, only upon property not exempt from taxation within the statute (Code 1928, §§ 3023–3025; Constitutional Amendment, article 19, §§ 1, 2); and held that within constitutional limits the power to tax is *purely legislative,* and the power following from this to exempt from taxation any recognized class of property, for reasons not purely arbitrary, is likewise a legislative power with which the courts are not concerned. Bessemer Laundry Co. v. City of Bessemer, 215 Ala. 63, 109 So. 104. It was further declared that a special county and city school tax wrongfully exacted from an industrial corporation protected by the statute for exemptions from taxation, and paid under protest, may be collected from the tax official (and his sureties) unlawfully exacting that payment. No. 3 Amendment Constitution, article 19, §§ 1, 2.

■ It has been declared that the presumption that prima facie obtains is in favor of the right exercise of the taxing power, and the burden is on such claimant claiming exemption to establish his right of exemption. Bessemer Laundry Co. v. City of Bessemer, supra; Southern Railway Co. v. St. Clair County, 124 Ala. 491, 27 So. 23.

■ It is true that in a sense a public school tax is a state tax and that a municipality acts as an agent of the state in levying, collecting, and disbursing that tax. 6 McQuillin, Municipal Corporations, p. 2560; 56 C. J. 638.

It is insisted by appellants that on former appeal due consideration was not given the sections of the Constitution to be indicated, and with which amendment No. 3, article 19, §§ 1 and 2, of the Constitution is due to be considered, as touching exemptions from school taxation in cities and districts passing resolutions to that end. Pullman Car & Mfg. Corporation of Alabama v. Hamilton et al., 229 Ala. 184, 155 So. 616.

The several sections of the Constitution adverted to by appellants are:

Section 256, to the effect that the Legislature is required to establish, organize, and maintain a liberal system of public schools throughout the state; to apportion to the several counties school funds in proportion to the number of school children of school age; and *to so apportion to the* schools in the districts or townships as to provide, as nearly as practicable, school terms of equal duration.

Section 258, providing that "all lands or other property given by individuals, or appropriated by the state for educational purposes, and all estates of deceased persons who die without leaving a will or heir, shall be faithfully applied to the maintenance of the public schools."

Section 259, requiring all poll taxes collected in this state to "be applied to the support of the public schools in the respective counties where collected."

Section 260, which provides that "the income arising from the sixteenth section trust fund, the surplus revenue fund, until it is called for by the United States government, and the funds enumerated in sections 257 and 258 of this constitution, together with a special annual tax of thirty cents on each one hundred dollars of taxable property in this state, which the legislature shall levy, shall be applied to the support and maintenance of the public schools," and it is declared to be the duty of the Legislature to increase the public school fund from time to time, as the necessity therefor and the condition of the treasury and the resources of the state may justify.

Section 261, limiting the overhead in operation to "not more than four per cent. of all moneys raised or which may hereafter be appropriated for the support of public schools, shall be used or expended otherwise than for the payment of teachers employed in such schools; provided, that the legislature may, by a vote of two-thirds of each house, suspend the operation of this section."

Section 262, vesting the supervision of public schools in a superintendent of education, whose powers, duties, and compensation are fixed by law.

And section 269, authorizing the counties of the state to levy and collect a special tax not exceeding 10 cents *"on each one hundred dollars of taxable property in such counties,* for the support of *public schools,"* and providing that the "funds arising from such special school tax shall be so apportioned and paid through the proper school officials to the several schools in the townships and districts * * * that the school terms of the respective schools shall be extended by such supplement as nearly the same length of time as practicable." (Italics supplied.)

In these requirements and provisions of organic law we find nothing to require a different conclusion from that announced on the first appeal. Pullman Car & Mfg. Corporation of Alabama v. Hamilton et al., 229 Ala. 184, 155 So. 616.

The special school tax amendment of 1915 (Gen. Acts 1915, p. 360) and that of 1919 (Gen. Acts 1919, p. 58) authorized the levy of a special county and district tax when authorized by a majority of those voting at such special election called therefor; and the tax, if levied, was levied and collected for such school purposes "on each one hundred dollars ($100) worth of taxable property" (section 1) in said district in said county.

The Eighth Amendment, known as the Municipal Tax Amendment of 1919 for Birmingham, Bessemer, and other cities named therein (Gen. Acts 1919, p. 899), authorized by a majority of qualified voters voting at an election called for the purpose of voting a special tax, was not to exceed 1½ per centum in *any one year for any special purpose on property situated therein,* based on the valuation of such property as assessed for state taxation for the tax year ending on the 30th day of September next succeeding the levy. And it is therein specifically provided "that the adoption of this amendment, shall in no wise, affect, limit, modify, abridge or impair the power, authority or right of either of said municipal corporations, to levy and collect the special school taxes, now or hereafter vested in or conferred upon them, or any of them, under the Constitution or any amendment thereto; including the power of said City of Selma to levy and collect the taxes for schools and school purposes vested in and conferred upon said City of Selma by the amendment to the Constitution of Alabama adopted thereto at the general election held in November 1916, and which was submitted under law number 315 General Laws 1915, page 337." Gen. Acts 1919, pp. 900, 901, proclaimed ratified January 13, 1920. This amendment had the consideration of this court in City of Birmingham v. Hawkins, Tax Collector, 208 Ala. 79, 94 So. 62, where the question was the right of the city tax collector to commissions on special tax levied and collected under the amendment, and held that such tax was not a municipal tax, but was levied and collected as a state and county tax.

It was declared in Southern Railway Co. v. St. Clair County, 124 Ala. 491, 500, 27 So. 23, 27, as follows: "The tax imposed by the statute is levied by the proper authorities of the county of St. Clair on property situated in the county devoted to the better maintenance of the public schools of the county, and is not, in any proper sense (excepting that authority for its imposition is derived from the general assembly), a state tax, though it may aid in the maintenance of the state system of public schools. Neither counties nor municipalities have an inherent power of taxation. Whatever of power they may have, is of legislative delegation; and upon them, in the absence of special constitutional restriction, the general assembly may confer the taxing power in such measure as it deems expedient,—'in other words, with such limitations as it sees fit as to the rate of taxation, the public purposes for which it is authorized, and the objects (the persons and property) which shall be subjected to taxation.' 2 Dill. Mun. Corp. § 740."

It has been observed that pursuant to the requirements of the Constitution the Legislature provided a complete educational system (Gen. Acts 1919, p. 567), and this act with the amendments constitutes the school code.

The later cases have held that for the purposes indicated in the statute—as the authority shown of the right to sue and be sued, to contract, etc.—county school boards are state agencies (Greeson Mfg. Co. v. County Board of Education, 217 Ala. 565, 117 So. 163); and Turk v. County Board of Education of Monroe County, 222 Ala. 177, 131 So. 436, where the insistence was a claim for damages by a public school pupil against the board of education for personal injuries growing out of an accident, held that the board was a quasi corporation, "an independent agency of state for purposes enumerated in statute" (Kimmons v. Jefferson County Board of Education et al., 204 Ala. 384, 85 So. 774); that such subdivisions as counties, townships, and school corporations "are instrumentalities of government, and exercise authority given by the state, and are no more liable for the acts or omissions of their officers than the state."

The foregoing authorities illustrate the several grants of power and limitations of such agencies and boards, as a part of the public school system created within the limitations of the Constitution. Counsel for appellants concede that the school taxes claimed in the second count of the com-

plaint, other than the special three mill district tax, were levied by the authorities of Bessemer, after they were authorized by the electorate "under the municipal tax amendment," and "are in that sense municipal taxes just as the school taxes claimed in the first count of the complaint are levied by the Board of Revenue of Jefferson County, and in that sense are county taxes.". Counsel, however, further asserts that such taxes are in no sense levied and collected for county and municipal purposes, within the meaning of the exemption statute here being insisted upon by the appellee as having application.

The conclusion of the foregoing argument is no answer to the proposition that the power to tax and to exempt in the premises was with the Legislature, and that the exercise of it was to be applied to taxation on the *value of taxable property,* not that exempt from taxation; and that the exemption made was reasonable and not arbitrary, and was within legislative power to prescribe or grant.

The question was one of doubt before the decision in Crow, Tax Collector, v. General Cable Corporation, 223 Ala. 611, 137 So. 657.; and that decision was followed in the first appeal of this case. It was the real intention of the Legislature, that was held conclusive in these cases, to exempt from all such taxation except only the ordinary state tax.

We are of opinion the questions now presented were propounded and concluded in Pullman Car & Mfg. Corporation of Alabama v. Hamilton et al., 229 Ala. 184, 155 So. 616, and Crow, Tax Collector, v. General Cable Corporation, supra. The judgment of the circuit court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.