181 So. 244

## PULLMAN CAR & MFG. CORPORATION OF ALABAMA v. HAMILTON et al.

6 Div. 122.

Supreme Court of Alabama.

March 31, 1938.

Rehearing Denied May 26, 1938.

210

Cabaniss & Johnston, K. E. Cooper, and Paul Johnston, all of Birmingham, for appellant.

211

Stokely, Scrivner, Dominick & Smith and M. L. Taliaferro, all of Birmingham, for appellees.

**BOULDIN, Justice.**

This is a taxpayer's action against the tax collector and the sureties on his bond to recover sums paid upon demands for taxes, alleged to have been unlawful, and paid under protest and legal compulsion.

The subject matter consists of taxes levied by the county of Jefferson and the city of Bessemer for public school purposes. These levies were made in part under the general powers of the county and city, and in part under the three-mill county and three-mill district tax provisions of article 19 of the Constitution, Amend. No. 3.

The taxpayer claims exemption from these taxes under resolutions of county and city authorities pursuant to statutes empowering counties and cities, for the purpose of encouraging the location and operation of manufacturing plants in their midst, to exempt same from taxation "for all county and municipal purposes" for a period of five years. Michie's Code 1928, §§ 3023, 3024.

The tax collector took the view that taxes for public schools were not for county or municipal purposes, but for state purposes, the operation of a public school system as a state function. Accordingly, while allowing the exemption as for general county and city purposes, declined to recognize an exemption as to school taxes.

This question has been twice decided by this court adversely to appellees, defendants below. Pullman Car & Mfg. Corporation of Alabama v. Hamilton, 229 Ala. 184, 155 So. 616; Hamilton v. Pullman Car & Mfg. Corporation, 231 Ala. 7, 163 So. 329, 330.

That action was to recover like taxes paid for the year 1932, while the present suit is to recover those of 1931, 1933, and 1934.

We are asked to reconsider and overrule the former decisions. Among the grounds upon which this insistence is made is that the former decisions construing the exemption statute is out of harmony with, and impliedly overruled by, the later case of State v. Tuscaloosa County, 233 Ala. 611, 172 So. 892.

This later case construed another statute, Code, § 749, with a different objective. It looks to an apportionment of the expenses of auditing the books and records of county officers handling both state and county funds with a view of safeguarding the interest of the state or county in the handling of their respective funds. The county is required to refund to the state the expense of a "county examination for such county." It was held that public school funds, as between the state and county, are state funds, held and disbursed by local officials, a part of the state setup, separate and distinct from the governing body of the county, and the custodian of county funds. The reasons for such holding are best seen by reading the full opinion in State v. Tuscaloosa County, supra. The former decisions above construing the exemption statute here involved were not cited in this later case. This was unnecessary for the reason that on the last appeal in the Hamilton Case the court considered and recognized the basic prin-

ciples governing the Tuscaloosa County Case, saying: "It is true that in a sense a public school tax is a state tax and that a municipality acts as an agent of the state in levying, collecting, and disbursing that tax. 6 McQuillin, Municipal Corporations, p. 2560; 56 C.J. 638." There follows a discussion of our constitutional provisions relating to public schools, citing former cases to the point that "county school boards are state agencies," &c. The report of that case, 231 Ala. 7, 163 So. 329, discloses that the point now pressed was fully presented in briefs, with citation of authorities in this and other states in support thereof. This court, after full consideration, held, nevertheless, that this exemption statute, construed as a whole in the light of the ends in view, empowered county and city authorities to exempt such manufacturing plants from all taxation for the period named other than the ordinary state tax of 6½ mills.

The logic of the two former decisions, after full consideration, is to hold that taxes "for all county and municipal purposes" within the meaning of the exemption statute include all county and city levies on such properties located within their territorial areas to be used for the benefit of the people within such areas, whether, when collected, the funds are devoted to city, county or state functions within such territory.

The benefits accruing specially to the inhabitants of these areas from the location of industrial plants in their midst is thus made a controlling factor in the construction of the exemption statute.

This is not an exemption statute relieving existing properties from the tax burden borne by properties generally. It is an open offer by the state to induce investments in new properties of this class through exemption for a limited time. It should be construed to carry out in good faith the state's commitment. We adhere to the construction heretofore given it.

 Appellees, in brief, raise a special point with reference to the taxes paid for 1931. It is insisted that under section 5721 of the Code this should have been included in the suit to recover the taxes of 1932, and failing so to do the action is barred.

The original complaint in six counts claims damages for breach of the conditions of the official bond. By amendment several series of counts were added setting up the facts, and claiming a refund of the monies wrongfully exacted of plaintiff. Appellees insist they are special counts for money had and received.

Regardless of the form of the action, such suit is bottomed on the tortious acts of the public officer, wrongful acts of commission or omission under color of his office to the injury of plaintiff. Code, § 2612.

Indeed, it is held an action in *tort* can be maintained against the officer and the sureties on his bond on the idea that by his bond the surety puts himself in the shoes of the officer for the purposes of such suit. Shell v. Pittman, 229 Ala. 380, 157 So. 205; National Surety Co. v. Plemmons, 214 Ala. 596, 108 So. 514.

The action being based upon and supported by evidence of separate and distinct wrongful acts of the officer in each instance, and the other facts in each case upon which the right to sue for taxes unlawfully exacted depends, we are of opinion the case does not come within the purview of section 5721 of the Code. Watson v. Clayton, 230 Ala. 59, 159 So. 481. If matters have intervened pleadable by way of waiver or estoppel in defense of the claim for the taxes of 1931, they may be set up by plea.

 The averments of the complaint disclosing payment under protest indorsed on the check, with request for reimbursement and notice of intention to bring suit for their recovery, were sufficient to show an involuntary, coercive payment, under color of office, although payment was made before the taxes became actually delinquent and penalties for nonpayment accrued. See former cases above cited.

The rulings of the trial court on demurrer to the complaint and sundry amendments, necessitating a nonsuit because of adverse rulings, were not in harmony with this decision.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.